# EXHIBIT "A"

# STATE COURT OF DECATUR COUNTY
## STATE OF GEORGIA

⛭ **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**

**DAVID A. KENDRICK**
**DEC 28, 2022 11:12 AM**

Cecilia Willis, Clerk
Decatur County, Georgia

CIVIL ACTION NUMBER  22SV00121

Kee, Dallas

_____

**PLAINTIFF**

                                   **VS.**

Wiley Sanders Truck Lines, Inc.
Hudson Insurance Company
Rutledge, Amy L

_____

**DEFENDANTS**

### SUMMONS

TO: RUTLEDGE, AMY L

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew E Cook**
> **Cook Law Group LLC**
> **PO Box 2415**
> **Gainesville, Georgia 30503**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of December, 2022.**

Clerk of State Court

Cecilia Willis, Clerk
Decatur County, Georgia

Page 1 of 1

# STATE COURT OF DECATUR COUNTY
# STATE OF GEORGIA

📧 **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**

**DAVID A. KENDRICK**
**DEC 28, 2022 11:12 AM**

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

CIVIL ACTION NUMBER  <u>22SV00121</u>

Kee, Dallas

_____

**PLAINTIFF**

                                        **VS.**

Wiley Sanders Truck Lines, Inc.
Hudson Insurance Company
Rutledge, Amy L

_____

**DEFENDANTS**


**SUMMONS**

TO: WILEY SANDERS TRUCK LINES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew E Cook**
> **Cook Law Group LLC**
> **PO Box 2415**
> **Gainesville, Georgia 30503**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of December, 2022.**

Clerk of State Court


*Cecilia Willis*
_____
Cecilia Willis, Clerk
Decatur County, Georgia

# STATE COURT OF DECATUR COUNTY
# STATE OF GEORGIA

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**22SV00121**
**DAVID A. KENDRICK**
**DEC 28, 2022 11:12 AM**

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

CIVIL ACTION NUMBER  22SV00121

Kee, Dallas

_____

**PLAINTIFF**

                                        **VS.**

Wiley Sanders Truck Lines, Inc.
Hudson Insurance Company
Rutledge, Amy L

_____

**DEFENDANTS**


                    **SUMMONS**

TO: HUDSON INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew E Cook**
> **Cook Law Group LLC**
> **PO Box 2415**
> **Gainesville, Georgia 30503**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of December, 2022.**

                    Clerk of State Court


_____
                    Cecilia Willis, Clerk
                    Decatur County, Georgia

**EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**
**DAVID A. KENDRICK**
**DEC 28, 2022 11:12 AM**

Cecilia Willis, Clerk
Decatur County, Georgia

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

DALLAS KEE, as Surviving Spouse of \*
Thad Jenkins, Deceased, and as \*
Administratrix of the Estate of Thad \*
Jenkins, Deceased, \*
 \*  CIVIL ACTION NO.:
  Plaintiff, \*
 \*  _____
v. \*
 \*
AMY LYNNE RUTLEDGE, \*
WILEY SANDERS TRUCK LINES, \*
INC., and HUDSON INSURANCE \*
COMPANY, \*
 \*
  Defendants. \*

## **COMPLAINT**

Plaintiff in the above-styled action hereby shows the Court the following:

### **PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff is a citizen and resident of Georgia.

2.

At all times pertinent to this Complaint, Plaintiff Dallas Kee was the spouse of Thad

Jenkins, Deceased. Plaintiff Dallas Kee asserts claims for the wrongful death of her husband,

Thad Jenkins, Deceased. Plaintiff is also the duly appointed Administratrix of Thad Jenkins's

Estate. Plaintiff asserts claims for the wrongful death of her husband, Thad Jenkins, Deceased

and claims on behalf of the Estate of Thad Jenkins, Deceased as the Administratrix of his Estate.

3.

Defendant Amy Lynne Rutledge is a nonresident motorist.  Defendant Rutledge is a resident and citizen of Alabama, with a last known residence address of 307 Frankfort Ave, Sheffield AL 35660, where she may be served.

4.

This Court has personal jurisdiction over Defendant Rutledge, *inter alia*, pursuant to the Non-Resident Motorist Act, the Long-Arm Statute, and other applicable law.

5.

Service may be perfected on Defendant Rutledge, *inter alia*, pursuant to the Long Arm Statute, the Non-Resident Motorist Act, and all other applicable law.

6.

Defendant Rutledge is a resident of Alabama, and said Defendant is subject to the jurisdiction of this Court under, *inter alia*, the authority of O.C.G.A. §§ 40-12-1 et seq., and may also be served by serving the Secretary of State, State of Georgia, Brad Raffensperger, as agent, as provided by said laws.  Brad Raffensperger, or his duly appointed agent for service of process, may be served at 2 Martin Luther King Jr. Drive, Suite 313 West Tower, Atlanta, GA 30334-1530.

7.

Venue is proper in this Court with respect to Defendant Rutledge because venue is proper with respect to a co-defendant.

8.

At all times relevant to this Complaint, Defendant Rutledge resided outside the state of Georgia.

9.

Defendant Wiley Sanders Truck Lines, Inc. ("Wiley Sanders") is a foreign corporation incorporated under the laws of Alabama with its principal place of business and principal office address located at 1 Sanders Road, Troy, Alabama 36079.  Defendant Wiley Sanders maintains a registered agent in Gwinnett County, Georgia.  Defendant Wiley Sanders may be served with legal process by serving its registered agent for service of process J. Patrick O'Brien at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

10.

Personal jurisdiction exists as to Defendant Wiley Sanders because it committed a tortious act in Georgia, by and through its agent.

11.

Venue is proper in this Court with respect to Defendant Wiley Sanders because venue is proper with respect to a co-defendant.

12.

Defendant Hudson Insurance Company ("Hudson") is a corporation incorporated under the laws of Delaware with its principal place of business and principal office address located at 100 William Street, 5th Floor, New York, NY 10038.  Defendant Hudson may be served with legal process by serving its registered agent for service of process Linda Banks c/o C T Corporation System at 289 South Culver Street, Lawrenceville, GA 30046-4805.

13.

Personal jurisdiction exists as to Defendant Hudson because it is duly authorized to transact business in Georgia, maintains its principal place of business in Georgia, transacts business in Georgia, and maintains a registered agent and office in Georgia.

14.

Venue is proper in this Court as to Defendant Hudson pursuant to O.C.G.A. § 33-4-1 as Defendant Hudson maintains an agent in Decatur County, GA.

## **OPERATIVE FACTS**

15.

On March 17, 2022, at approximately 7:00 p.m., Mr. Thad Jenkins was traveling southbound in the right lane of Georgia Highway 14, also known as Highway 29, approximately 900 feet north of the Interstate 85 Southbound exit/entrance ramp in Coweta County, Georgia.

16.

On or around that same time, Defendant Rutledge was driving a commercial tractor-trailer northbound on Georgia Highway 14, and after approaching its intersection with the driveway for the BP business located at 1389 Highway 29 South, Newnan, GA 30263, initiated a left turn into the BP parking lot.

17.

Despite the fact that Mr. Jenkins was clearly visible to Defendant Rutledge, Defendant Rutledge nonetheless negligently failed to yield to Mr. Jenkins and turned directly in front of Mr. Jenkins, blocking Mr. Jenkins' lane of travel and causing Mr. Jenkins's vehicle to strike Defendant Rutledge's vehicle.

18.

Given that Mr. Jenkins was clearly visible to Defendant Rutledge and that he was too close for Defendant Rutledge to make a safe left turn, Plaintiff alleges that Defendant Rutledge was not paying attention to oncoming traffic and was distracted and engaging in unsafe behavior when she initiated her left turn in front of Mr. Jenkins.

19.

Because Defendant Rutledge turned directly in front of Mr. Jenkins, Mr. Jenkins was unable to avoid the collision with Defendant Rutledge's vehicle and was not contributorily negligent in any way.

20.

At the time of the subject collision, Defendant Rutledge was driving a truck owned and operated by Defendant Wiley Sanders.

21.

At the time of the subject collision, Defendant Rutledge was operating and controlling the truck as an employee and/or agent of Defendant Wiley Sanders.

22.

At the time of the subject collision, Defendant Rutledge was operating the truck in the furtherance of Defendant Wiley Sanders' business.

23.

At the time of the subject collision, Defendant Rutledge was in the course and scope of her employment with Defendant Wiley Sanders.

24.

At the time of the subject collision, Defendant Rutledge was not fit to operate a commercial motor vehicle and should not have been entrusted with the vehicle.

25.

Defendant Rutledge was operating the vehicle in a reckless manner without due regard to the safety of other motorists and her reckless misconduct proximately caused Mr. Jenkins's injuries, losses, and wrongful death.

26.

Prior to and at the time of the wreck, Defendant Wiley Sanders was negligent in its hiring, supervision, training and retention of Defendant Rutledge and negligently entrusted the subject commercial motor vehicle to Defendant Rutledge who was not competent to drive the vehicle.  Defendant Wiley Sanders' misconduct was a proximate cause of Plaintiff's losses.

27.

Defendant Wiley Sanders failed to investigate and negligently selected Defendant Rutledge to drive for or on behalf of Defendant Wiley Sanders and negligently entrusted Defendant Rutledge to drive the subject commercial vehicle.

28.

At all times pertinent to this Complaint, Defendant Wiley Sanders was a motor common carrier for hire.

29.

Defendant Hudson provided liability insurance to Defendant Wiley Sanders under policy number HMB200132, which provides coverage for the claims asserted in this Complaint against Defendants Wiley Sanders and Rutledge and subjects said insurer to this action under O.C.G.A. § 40-1-112 and/or O.C.G.A. § 40-2-140. At the time of the subject collision, Defendants Wiley Sanders and Rutledge were operating as an interstate carrier operation for which Defendant Hudson provided insurance.

30.

Upon information and belief, on numerous occasions Defendant Rutledge illegally and inappropriately used a cellular device while driving to film herself and her surroundings prior to her employment with Defendant Wiley Sanders actions which Defendant Wiley Sanders should have been aware of because, among other things, Defendant Rutledge posted such footage of herself on her social media account for all the World to see.

31.

Upon information and belief, on numerous occasions Defendant Rutledge used a cellular device while acting as an employee and agent of Defendant Wiley Sanders, in violation of O.C.G.A. § 40-6-241 and 49 C.F.R. 392.  Defendant Rutledge had a pattern and practice of using a cellular device illegally and inappropriately while operating a tractor-trailer to film herself and her surroundings which Defendant Wiley Sanders knew or should have known of such pattern and practice prior to the subject collision. In fact, Defendant Rutledge would hold her cell phone in her hand, film or photograph the highway and traffic ahead and then post her footage on her social media.

32.

Defendant Wiley Sanders knew or should have known of Defendant Rutledge's tendencies to engage in such reckless behavior while operating as a driver, employee, and agent of Wiley Sanders.

33.

Defendant Wiley Sanders knew or should have known of Defendant Rutledge's tendencies to engage in using her cellular device prior to her employment with Defendant Wiley Sanders because such information is readily available on public sources.

34.

Defendant Wiley Sanders failed to properly and adequately train Defendant Rutledge on prohibiting the use of her cellular device while operating a commercial vehicle, including tractor-trailers while working for Defendant Wiley Sanders.

35.

Defendant Wiley Sanders failed to properly and adequately train Defendant Rutledge on prohibiting the use of her cellular device while operating a commercial vehicle, including tractor-trailers while working for Defendant Wiley Sanders.

36.

Defendant Wiley Sanders failed to properly monitor Defendant Rutledge's use of cellular devices while operating Wiley Sanders's tractor-trailer despite such information being readily available to the public, including Defendant Wiley Sanders.

37.

Defendant Wiley Sanders's lack of training and discipline for Defendant Rutledge's cellular device use while operating a commercial vehicle encouraged future cellular use that occurred and at the very least failed to stop such behavior.

38.

Defendant Wiley Sanders was negligent in its hiring, training, supervision, retention and entrustment of Defendant Rutledge given her public postings of her reckless, illegal and unsafe driving practices.

39.

As a result of the subject collision, Mr. Jenkins suffered pre-impact shock, fright, and terror, as well as injuries that caused him mental and physical pain and suffering up until the time of his death which was the direct result of the negligent acts of Defendants.

40.

Mr. Jenkins was employed at the time of the wreck and had many years of life ahead of him where he would have enjoyed his life with his wife, his parents, his children, his grandchildren and his friends.  Defendants' negligence deprived Mr. Jenkins of such activities and as a result, Plaintiff seeks damages for the wrongful death and the Estate's losses including the funeral and burial expenses incurred because of Thad Jenkins' death which was caused by the tortious actions of Defendants.

41.

Defendant Rutledge's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

42.

Defendant Wiley Sanders' actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

## LIABILITY OF DEFENDANTS

## COUNT ONE: *RESPONDEAT SUPERIOR*

43.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

44.

Defendant Wiley Sanders is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of its agents and employees, including Defendant Rutledge.

## COUNT TWO: NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING

45.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

46.

Defendant Wiley Sanders is liable for the negligent hiring, retention, training and/or supervision of Defendant Rutledge.

## COUNT THREE: NEGLIGENT ENTRUSTMENT

47.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

48.

Defendant Wiley Sanders is liable for negligently entrusting a vehicle to Defendant Rutledge.

## COUNT FOUR: NEGLIGENCE

49.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

50.

Defendant Rutledge is liable for the following tortious acts and omissions, including but not limited to, the following violations of the rules of the road, which violations amount to negligence per se:

(a)     Homicide by vehicle, in violation of O.C.G.A. § 40-6-393;

(b)     Driving a vehicle, intending to turn left into a driveway and failing to yield the right of way to a vehicle approaching from the opposite direction which is so close to the intersection as to constitute an immediate hazard, in violation of O.C.G.A. § 40-6-71;

(c)     Reckless driving, in violation of O.C.G.A. § 40-6-390;

(d)     Distracted driving, in violation of O.C.G.A. § 40-6-241; and

(e)     Failing to maintain a proper lookout for other traffic.

51.

Defendant Wiley Sanders is liable for the acts and omissions of its employees and agents, including Defendant Rutledge, pursuant to O.C.G.A. § 51-2-2.

52.

The conduct of Defendants Wiley Sanders, and Rutledge, individually and in concert with each other, proximately caused the collision and resulting damages.

53.

Defendant Hudson entered into a policy and contract of insurance with Defendant Wiley Sanders to provide liability coverage in the event of a motor vehicle collision involving Wiley Sanders and/or its employees and/or agents.

54.

Plaintiff represents third-party beneficiaries under said contract(s) or policy(-ies) of insurance and is entitled to receive payments from Defendant Hudson for the negligence of Defendants Wiley Sanders and Rutledge.

## DAMAGES CLAIMED

55.

The damages claimed by Plaintiff were proximately caused by the tortious acts and omissions of Defendants Wiley Sanders and Rutledge, for which they are liable jointly and severally.

56.

Plaintiff, as Administratrix of the Estate of Thad Jenkins, is entitled to recover and claims all allowable damages, including compensatory and punitive damages, against Defendants in accordance with O.C.G.A. § 51-12-5.1 to punish, penalize, and deter Defendants from future similar conduct.

57.

Plaintiff claims all damages incurred by the Estate of Thad Jenkins including damages for Thad Jenkins's funeral and burial expenses as well as his mental and physical pain and suffering, and his pre-impact shock, fright, and terror.

58.

Plaintiff seeks punitive damages against Defendant Rutledge in an amount sufficient to punish, penalize, and deter her pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

59.

Plaintiff seeks punitive damages against Defendant Wiley Sanders in an amount sufficient to punish, penalize, and deter it pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

60.

Plaintiff claims all damages allowable under Georgia law arising from the wrongful death of her spouse, Thad Jenkins.

## PRAYER FOR RELIEF

61.

WHEREFORE Plaintiff prays for the following relief:

(a)  That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

(b)  That Plaintiff have and recover all damages for all losses compensable under Georgia law as set forth above;

(c)  That Plaintiff have a trial by jury;

(d)  That all costs be cast against Defendants; and

(e)  For such other and further relief as the Court shall deem just and appropriate.

Dated this 27th day of December 2022.

Respectfully submitted,

COOK LAW GROUP, LLC

*/s/ Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Nathan R. Nicholson
Georgia Bar No. 390553
Joshua L. Bearden
Georgia Bar No. 148312
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 Telephone
888-612-0589 Facsimile
matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

THE CUMMINS FIRM
D. Scott Cummins
Georgia Bar No. 201810
75 Jackson St.
Building 400, Suite 402
Newnan, GA 30263
Telephone: (678) 590-5590
Facsimile: (678) 877-8118
scott@thecumminsfirm.com
**Attorneys for Plaintiff**

**General Civil and Domestic Relations Case Filing Information Form**

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**

DAVID A. KENDRICK

DEC 28, 2022 11:12 AM

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

☐ Superior or ☑ State Court of <u>Decatur</u> County

| For Clerk Use Only | |
|---|---|
| Date Filed <u>12-28-2022</u><br>**MM-DD-YYYY** | Case Number <u>22SV00121</u> |

**Plaintiff(s)**

Kee, Dallas

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Wiley Sanders Truck Lines, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Hudson Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Rutledge, Amy L

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** <u>Cook, Mr. Matthew E</u>  **Bar Number** <u>184399</u>  **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
**Case Number**  **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

**EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**

**DAVID A. KENDRICK**
**DEC 28, 2022 11:12 AM**

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DALLAS KEE, as Surviving Spouse of | § | |
| Thad Jenkins, Deceased, and as | § | |
| Administratrix of the Estate of Thad | § | |
| Jenkins, Deceased, | § | |
| | § | CIVIL ACTION NO.: |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ |
| | § | |
| AMY LYNNE RUTLEDGE, | § | |
| WILEY SANDERS TRUCK LINES, | § | |
| INC., and HUDSON INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## NOTICE TO UNINSURED/UNDERINSURED MOTORIST CARRIER

TO:    State Farm Mutual Automobile Insurance Company
         c/o Corporation Service Company
         2 Sun Court, Suite 400
         Peachtree Corners, GA 30092
         *Policy No. 11-8788-H41/11-31S0-60P/112C643147*

Please take notice that the above-named Plaintiff represents your insured, Thad Jenkins, who was involved in a wreck which took place on July 6, 2021, in Monroe County, Georgia, as shown in the wreck report attached hereto as Exhibit "A," resulting in Mr. Jenkins's death. Plaintiff makes claims against the above-named Defendants whom the Plaintiff believes to be an underinsured motorist.   Plaintiff's claims are detailed in the Complaint attached hereto as Exhibit "B."   Because Defendants were an uninsured and/or underinsured motorist, Plaintiff hereby gives notice of his claims for damages against State Farm Mutual Automobile Insurance Company ("State Farm") pursuant to O.C.G.A. § 33-7-11 and other applicable law; Plaintiff gives notice of his claims for uninsured/underinsured motorist benefits pursuant to any and all policies of

insurance issued by State Farm specifically including, but not limited to, the policies known as policy numbers 11-8788-H41, 11-31S0-60P, 112C643147 and any other insurance policy(ies) issued by State Farm that do or may afford uninsured/underinsured motorist coverage for this incident.

We are serving with this notice a copy of the Complaint and discovery, which has been filed in the State Court of Decatur County, Georgia.  Pursuant to applicable law, we request that said insurer elect to participate or not participate in this litigation.

This 27th day of December 2022.

Respectfully submitted,
COOK LAW GROUP, LLC

*/s/ Joshua L. Bearden*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Nathan R. Nicholson
Georgia Bar No. 390553
Joshua L. Bearden
Georgia Bar No. 148312
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 Telephone
888-612-0589 Facsimile
matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

THE CUMMINS FIRM
D. Scott Cummins
Georgia Bar No. 201810
75 Jackson St.
Building 400, Suite 402
Newnan, GA 30263
Telephone: (678) 590-5590
Facsimile: (678) 877-8118
scott@thecumminsfirm.com

*Attorneys for Plaintiff*

# Exhibit A

# GEORGIA MOTOR VEHICLE CRASH REPORT

| Agency Case Number | Agency NCIC Number | | County | Date Rec. by GDOT |
|---|---|---|---|---|
| C000825134-01 | GAGSP0000 | | COWETA | |

| Estimated Crash | | Dispatch | | Arrival | | Total Number of | | | Inside City Of |
|---|---|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | Vehicles | Injuries | Fatalities | |
| 03/17/22 | 19:00 | 03/17/22 | 19:06 | 03/17/22 | 19:07 | 2 | 0 | 1 | |

Road of Occurrence GA 14

At Its Intersection With _____

☐ Corrected Report

Not At Its Intersection But **400**  ☐ Miles ☒ Feet  ☒ Nor h ☐ South  ☐ East ☐ West

Of INTERSTATE 85 SOUTHBOUND EXIT/ENTRANCE RAMP

☐ Sup To Original

Latitude (Y) 33.32963 (Format) 00 00000

Longitude (X) -84.78088 (Format) -00.00000

☐ Hit And Run?

| | Unit # **1** | ☒ Driver ☐ Ped ☐ Bike | LAST NAME RUTLEDGE | FIRST AMY | MIDDLE LYNNE | Unit # **2** | ☒ Driver ☐ Ped ☐ Bike | LAST NAME JENKINS | FIRST THAD | MIDDLE LAMAR |
|---|---|---|---|---|---|---|---|---|---|---|

☐ Susp At Fault  307 FRANKFORT AVE

☐ Susp At Fault  518 W MAIN ST

| City SHEFFIELD | State AL | Zip 35660 | DOB ■■/1960 | City HOGANSVILLE | State GA | Zip 30230-1035 | DOB ■■/1974 |
|---|---|---|---|---|---|---|---|

| Driver's License No. 5071648 | Class AM | State AL | Country UNITED STATES | Driver's License No. 055767024 | Class CM | State GA | Country UNITED STATES |
|---|---|---|---|---|---|---|---|

| Insurance Co. HUDSON INSURANCE | Policy No. HMB200132 | Telephone No. | Insurance Co. STATE FARM | Policy No. 112C643147 | Telephone No. |
|---|---|---|---|---|---|

| Year 2016 | Make KENWORTH | Model T680 | Year 2009 | Make HARLEY DAVIDSON | Model FLHRC DOM |
|---|---|---|---|---|---|

| VIN 1XKYD49X7GJ490265 | Vehicle Color WHI | VIN 1HD1FR4139Y615844 | Vehicle Color WHI |
|---|---|---|---|

| Tag # 1133131 | State AL | County | Year 2022 | Tag # WSX707 | State GA | County TROUP | Year 2022 |
|---|---|---|---|---|---|---|---|

| Trailer Tag # A131542 | State AL | County | Year 9999 | Trailer Tag # | State | County | Year |
|---|---|---|---|---|---|---|---|

☐ Same as Driver  Owner's Last Name WILEY SANDERS TRUC  First  Middle

☒ Same as Driver  Owner's Last Name JENKINS  First THAD  Middle LAMAR

| Address 100 SANDERS ROAD | | | Address 518 W MAIN ST | | |
|---|---|---|---|---|---|

| City TROY | State AL | Zip 36079 | City HOGANSVILLE | State GA | Zip 30230-1035 |
|---|---|---|---|---|---|

Removed By: SOUTHSIDE TOWING  ☐ Request ☒ List

Removed By: CASWELLS WRECKER SERVICE  ☐ Request ☒ List

| Alco Test: 2 | Type: | Results: | Drug Test: 2 | Type: | Results: | Alco Test: 2 | Type: | Results: | Drug Test: 2 | Type: | Results: |
|---|---|---|---|---|---|---|---|---|---|---|---|

| First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 1 | First Harmful Event: 11 | Most Harmful Event: 11 | Operator/Ped Cond: 1 |
|---|---|---|---|---|---|

Operator Contributing Factors: _____ 4 _____

Operator Contributing Factors: _____ 1 _____

| Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 | Vehicle Contributing Factors: 1 | Roadway Contributing Factors: 1 |
|---|---|---|---|

| Direction of Travel: 2 | Vehicle Maneuver: 1 | Non-Motor Maneuver: | Direction of Travel: 2 | Vehicle Maneuver: 5 | Non-Motor Maneuver: |
|---|---|---|---|---|---|

| Vehicle Class: 7 | Vehicle Type: 4 | Vision Obscured: 1 | Vehicle Class: 1 | Vehicle Type: 17 | Vision Obscured: 1 |
|---|---|---|---|---|---|

| Number of Occupants: 1 | Area of Initial Contact: 2 | Damage to Veh: 2 | Number of Occupants: 1 | Area of Initial Contact: 0 | Damage to Veh: 4 |
|---|---|---|---|---|---|

| Traffic-Way Flow: 1 | Road Comp: 2 | Road Character: 2 | Traffic-Way Flow: 1 | Road Comp: 2 | Road Character: 2 |
|---|---|---|---|---|---|

| Number of Lanes: 4 | Posted Speed: 55 | Work Zone: 0 | Number of Lanes: 4 | Posted Speed: 55 | Work Zone: 0 |
|---|---|---|---|---|---|

| Traffic Control: 7 | Device Inoperative: ☐ Yes ☒ No | Traffic Control: 7 | Device Inoperative: ☐ Yes ☒ No |
|---|---|---|---|

| Citation Information: | | Citation Information: | |
|---|---|---|---|
| Citation # _____ | O.C.G.A. § _____ | Citation # _____ | O.C.G.A. § _____ |
| Citation # _____ | O.C.G.A. § _____ | Citation # _____ | O.C.G.A. § _____ |
| Citation # _____ | O.C.G.A. § _____ | Citation # _____ | O.C.G.A. § _____ |

## COMMERCIAL MOTOR VEHICLES ONLY

## COMMERCIAL MOTOR VEHICLES ONLY

Carrier Name: WILEY SANDERS TRUCK LINES INC

Carrier Name:

| Address 100 SANDERS ROAD | City TROY | State AL | Zip 36079 | Address | City | State | Zip |
|---|---|---|---|---|---|---|---|

| U.S. D.O.T. # 122275 | No. of Axles 4 | G.V.W.R. 03 | U.S. D.O.T. # | No. of Axles | G.V.W.R. |
|---|---|---|---|---|---|

| Cargo Body Type 1 | Vehicle Config. 6 | ☒ Interstate ☐ Intrastate | Fed. Reportable ☒ Yes ☐ No | Cargo Body Type | Vehicle Config. | ☐ Interstate ☐ Intrastate | Fed. Reportable ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|

| C.D.L.? ☐ Yes ☒ No | C.D.L. Suspended? ☐ Yes ☐ No | C.D.L.? ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No |
|---|---|---|---|

| Vehicle Placarded? ☐ Yes ☒ No | Hazardous Materials? ☐ Yes ☒ No | Vehicle Placarded? ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No |
|---|---|---|---|

Haz Mat Released? ☐ Yes ☒ No

Haz Mat Released? ☐ Yes ☐ No

If YES:  Name or four Digit Number from Diamond or Box: _____
One Digit Number from Bottom of Diamond: _____

If YES:  Name or four Digit Number from Diamond or Box: _____
One Digit Number from Bottom of Diamond: _____

☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units

☐ Ran Off Road ☐ Down Hill Runaway ☐ Cargo Loss or Shift ☐ Separation of Units

## COLLISION FIELDS

| Manner of Collision: | 1 | Location at Area of Impact: | 1 | Weather: | 1 | Surface Condition: | 1 | Light Condition: | 1 |
|---|---|---|---|---|---|---|---|---|---|

## NARRATIVE

Vehicle 1 was traveling north on GA 14 in the double turn lane.  Vehicle 2 was traveling south on GA 14 in the right lane.  Vehicle 1 made a left turn in front of Vehicle 2 attempting to turn into a private drive for the BP Service Station.  Vehicle 2 attempted to avoid striking Vehicle 1 by braking heavily causing it to lay on its side.  Vehicle 2 continued traveling south where it struck Vehicle 1.  Area of Impact was in the right southbound lane of GA 14.

Driver of Vehicle 1 stated she was traveling north on GA 14 in the double turn lane.  She said she was attempting to make a left turn into a private drive.  She said as she was making her turn she felt the impact.  She said she never saw Vehicle 2.

Driver of Vehicle 2 was transported to Newnan Piedmont Hospital.

SCRT-D is also investigating this crash and their case number is SCRTD-023-22.

Crash recorded:  Cpl. Tatum and S/Tpr. Puckett.

## DIAGRAM

INDICATE
NORTH

## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle | Owner |
|---|---|

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|

## OCCUPANT INFORMATION

| 1 | Name (Last, First):  RUTLEDGE, AMY | | | | | Address: | 307 FRANKFORT AVE SHEFFIELD, AL 35660 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Age: 55 | Sex: F | Unit # 1 | Position: 1 | Safety Eq: 3 | Ejected: 1 | Extricated: 2 | Air Bag: 0 | Injury: 0 | Taken for Treatment: 2 |
| | Injury Taken To: | By: | | EMS Notified Time: | | EMS Arrival Time: | | Hospital Arrival Time: | | |

| 2 | Name (Last, First):  JENKINS, THAD | | | | | Address: | 518 W MAIN ST HOGANSVILLE, GA 30230-1035 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Age: 47 | Sex: M | Unit # 2 | Position: 1 | Safety Eq: 6 | Ejected: 1 | Extricated: 2 | Air Bag: 0 | Injury: 1 | Taken for Treatment: 1 |
| | Injury Taken To: NEWNAN PIEDMONT HOSPIT | By: NEWNAN EMS | | EMS Notified Time: 19:01 | | EMS Arrival Time: 19:05 | | Hospital Arrival Time: 19:21 | | |

## ADMINISTRATIVE

| Photos Taken: | ☒ Yes  ☐ No | By: S/TPR. PUCKETT #181 | *Officer Note: If collision resulted in a fatality, please send prompt notification to the GDOT Crash Reporting Unit via either email at GeorgiaFARS@dot.ga.gov or Fax at (404)635-2963.* |
|---|---|---|---|

| Report By: TATUM III, W. E. #0178 | Agency: GSPD\POST 24 | Report Date: 03/17/22 | Checked By: SEARCY, M. #0218 | Date Checked: 03/20/22 |
|---|---|---|---|---|

**ADDITIONAL or FULL PAGE DIAGRAM**



# Exhibit B

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

DALLAS KEE, as Surviving Spouse of   *
Thad Jenkins, Deceased, and as   *
Administratrix of the Estate of Thad   *
Jenkins, Deceased,   *   CIVIL ACTION NO.:
  *
   Plaintiff,   *
  *   _____
v.   *
  *
AMY LYNNE RUTLEDGE,   *
WILEY SANDERS TRUCK LINES,   *
INC., and HUDSON INSURANCE   *
COMPANY,   *
  *
   Defendants.   *

## **COMPLAINT**

Plaintiff in the above-styled action hereby shows the Court the following:

## **PARTIES, JURISDICTION, AND VENUE**

### 1.

Plaintiff is a citizen and resident of Georgia.

### 2.

At all times pertinent to this Complaint, Plaintiff Dallas Kee was the spouse of Thad Jenkins, Deceased. Plaintiff Dallas Kee asserts claims for the wrongful death of her husband, Thad Jenkins, Deceased. Plaintiff is also the duly appointed Administratrix of Thad Jenkins's Estate. Plaintiff asserts claims for the wrongful death of her husband, Thad Jenkins, Deceased and claims on behalf of the Estate of Thad Jenkins, Deceased as the Administratrix of his Estate.

3.

Defendant Amy Lynne Rutledge is a nonresident motorist.  Defendant Rutledge is a resident and citizen of Alabama, with a last known residence address of 307 Frankfort Ave, Sheffield AL 35660, where she may be served.

4.

This Court has personal jurisdiction over Defendant Rutledge, *inter alia*, pursuant to the Non-Resident Motorist Act, the Long-Arm Statute, and other applicable law.

5.

Service may be perfected on Defendant Rutledge, *inter alia*, pursuant to the Long Arm Statute, the Non-Resident Motorist Act, and all other applicable law.

6.

Defendant Rutledge is a resident of Alabama, and said Defendant is subject to the jurisdiction of this Court under, *inter alia*, the authority of O.C.G.A. §§ 40-12-1 et seq., and may also be served by serving the Secretary of State, State of Georgia, Brad Raffensperger, as agent, as provided by said laws.  Brad Raffensperger, or his duly appointed agent for service of process, may be served at 2 Martin Luther King Jr. Drive, Suite 313 West Tower, Atlanta, GA 30334-1530.

7.

Venue is proper in this Court with respect to Defendant Rutledge because venue is proper with respect to a co-defendant.

8.

At all times relevant to this Complaint, Defendant Rutledge resided outside the state of Georgia.

9.

Defendant Wiley Sanders Truck Lines, Inc. ("Wiley Sanders") is a foreign corporation incorporated under the laws of Alabama with its principal place of business and principal office address located at 1 Sanders Road, Troy, Alabama 36079.  Defendant Wiley Sanders maintains a registered agent in Gwinnett County, Georgia.  Defendant Wiley Sanders may be served with legal process by serving its registered agent for service of process J. Patrick O'Brien at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

10.

Personal jurisdiction exists as to Defendant Wiley Sanders because it committed a tortious act in Georgia, by and through its agent.

11.

Venue is proper in this Court with respect to Defendant Wiley Sanders because venue is proper with respect to a co-defendant.

12.

Defendant Hudson Insurance Company ("Hudson") is a corporation incorporated under the laws of Delaware with its principal place of business and principal office address located at 100 William Street, 5th Floor, New York, NY 10038.  Defendant Hudson may be served with legal process by serving its registered agent for service of process Linda Banks c/o C T Corporation System at 289 South Culver Street, Lawrenceville, GA 30046-4805.

13.

Personal jurisdiction exists as to Defendant Hudson because it is duly authorized to transact business in Georgia, maintains its principal place of business in Georgia, transacts business in Georgia, and maintains a registered agent and office in Georgia.

14.

Venue is proper in this Court as to Defendant Hudson pursuant to O.C.G.A. § 33-4-1 as Defendant Hudson maintains an agent in Decatur County, GA.

**OPERATIVE FACTS**

15.

On March 17, 2022, at approximately 7:00 p.m., Mr. Thad Jenkins was traveling southbound in the right lane of Georgia Highway 14, also known as Highway 29, approximately 900 feet north of the Interstate 85 Southbound exit/entrance ramp in Coweta County, Georgia.

16.

On or around that same time, Defendant Rutledge was driving a commercial tractor-trailer northbound on Georgia Highway 14, and after approaching its intersection with the driveway for the BP business located at 1389 Highway 29 South, Newnan, GA 30263, initiated a left turn into the BP parking lot.

17.

Despite the fact that Mr. Jenkins was clearly visible to Defendant Rutledge, Defendant Rutledge nonetheless negligently failed to yield to Mr. Jenkins and turned directly in front of Mr. Jenkins, blocking Mr. Jenkins' lane of travel and causing Mr. Jenkins's vehicle to strike Defendant Rutledge's vehicle.

18.

Given that Mr. Jenkins was clearly visible to Defendant Rutledge and that he was too close for Defendant Rutledge to make a safe left turn, Plaintiff alleges that Defendant Rutledge was not paying attention to oncoming traffic and was distracted and engaging in unsafe behavior when she initiated her left turn in front of Mr. Jenkins.

19.

Because Defendant Rutledge turned directly in front of Mr. Jenkins, Mr. Jenkins was unable to avoid the collision with Defendant Rutledge's vehicle and was not contributorily negligent in any way.

20.

At the time of the subject collision, Defendant Rutledge was driving a truck owned and operated by Defendant Wiley Sanders.

21.

At the time of the subject collision, Defendant Rutledge was operating and controlling the truck as an employee and/or agent of Defendant Wiley Sanders.

22.

At the time of the subject collision, Defendant Rutledge was operating the truck in the furtherance of Defendant Wiley Sanders' business.

23.

At the time of the subject collision, Defendant Rutledge was in the course and scope of her employment with Defendant Wiley Sanders.

24.

At the time of the subject collision, Defendant Rutledge was not fit to operate a commercial motor vehicle and should not have been entrusted with the vehicle.

25.

Defendant Rutledge was operating the vehicle in a reckless manner without due regard to the safety of other motorists and her reckless misconduct proximately caused Mr. Jenkins's injuries, losses, and wrongful death.

26.

Prior to and at the time of the wreck, Defendant Wiley Sanders was negligent in its hiring, supervision, training and retention of Defendant Rutledge and negligently entrusted the subject commercial motor vehicle to Defendant Rutledge who was not competent to drive the vehicle.  Defendant Wiley Sanders' misconduct was a proximate cause of Plaintiff's losses.

27.

Defendant Wiley Sanders failed to investigate and negligently selected Defendant Rutledge to drive for or on behalf of Defendant Wiley Sanders and negligently entrusted Defendant Rutledge to drive the subject commercial vehicle.

28.

At all times pertinent to this Complaint, Defendant Wiley Sanders was a motor common carrier for hire.

29.

Defendant Hudson provided liability insurance to Defendant Wiley Sanders under policy number HMB200132, which provides coverage for the claims asserted in this Complaint against Defendants Wiley Sanders and Rutledge and subjects said insurer to this action under O.C.G.A. § 40-1-112 and/or O.C.G.A. § 40-2-140. At the time of the subject collision, Defendants Wiley Sanders and Rutledge were operating as an interstate carrier operation for which Defendant Hudson provided insurance.

30.

Upon information and belief, on numerous occasions Defendant Rutledge illegally and inappropriately used a cellular device while driving to film herself and her surroundings prior to her employment with Defendant Wiley Sanders actions which Defendant Wiley Sanders should have been aware of because, among other things, Defendant Rutledge posted such footage of herself on her social media account for all the World to see.

31.

Upon information and belief, on numerous occasions Defendant Rutledge used a cellular device while acting as an employee and agent of Defendant Wiley Sanders, in violation of O.C.G.A. § 40-6-241 and 49 C.F.R. 392.  Defendant Rutledge had a pattern and practice of using a cellular device illegally and inappropriately while operating a tractor-trailer to film herself and her surroundings which Defendant Wiley Sanders knew or should have known of such pattern and practice prior to the subject collision. In fact, Defendant Rutledge would hold her cell phone in her hand, film or photograph the highway and traffic ahead and then post her footage on her social media.

32.

Defendant Wiley Sanders knew or should have known of Defendant Rutledge's tendencies to engage in such reckless behavior while operating as a driver, employee, and agent of Wiley Sanders.

33.

Defendant Wiley Sanders knew or should have known of Defendant Rutledge's tendencies to engage in using her cellular device prior to her employment with Defendant Wiley Sanders because such information is readily available on public sources.

34.

Defendant Wiley Sanders failed to properly and adequately train Defendant Rutledge on prohibiting the use of her cellular device while operating a commercial vehicle, including tractor-trailers while working for Defendant Wiley Sanders.

35.

Defendant Wiley Sanders failed to properly and adequately train Defendant Rutledge on prohibiting the use of her cellular device while operating a commercial vehicle, including tractor-trailers while working for Defendant Wiley Sanders.

36.

Defendant Wiley Sanders failed to properly monitor Defendant Rutledge's use of cellular devices while operating Wiley Sanders's tractor-trailer despite such information being readily available to the public, including Defendant Wiley Sanders.

37.

Defendant Wiley Sanders's lack of training and discipline for Defendant Rutledge's cellular device use while operating a commercial vehicle encouraged future cellular use that occurred and at the very least failed to stop such behavior.

38.

Defendant Wiley Sanders was negligent in its hiring, training, supervision, retention and entrustment of Defendant Rutledge given her public postings of her reckless, illegal and unsafe driving practices.

39.

As a result of the subject collision, Mr. Jenkins suffered pre-impact shock, fright, and terror, as well as injuries that caused him mental and physical pain and suffering up until the time of his death which was the direct result of the negligent acts of Defendants.

40.

Mr. Jenkins was employed at the time of the wreck and had many years of life ahead of him where he would have enjoyed his life with his wife, his parents, his children, his grandchildren and his friends.  Defendants' negligence deprived Mr. Jenkins of such activities and as a result, Plaintiff seeks damages for the wrongful death and the Estate's losses including the funeral and burial expenses incurred because of Thad Jenkins' death which was caused by the tortious actions of Defendants.

41.

Defendant Rutledge's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

42.

Defendant Wiley Sanders' actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

## LIABILITY OF DEFENDANTS

## COUNT ONE: *RESPONDEAT SUPERIOR*

43.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

44.

Defendant Wiley Sanders is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of its agents and employees, including Defendant Rutledge.

## COUNT TWO: NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING

45.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

46.

Defendant Wiley Sanders is liable for the negligent hiring, retention, training and/or supervision of Defendant Rutledge.

## COUNT THREE: NEGLIGENT ENTRUSTMENT

47.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

48.

Defendant Wiley Sanders is liable for negligently entrusting a vehicle to Defendant Rutledge.

## COUNT FOUR: NEGLIGENCE

49.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

50.

Defendant Rutledge is liable for the following tortious acts and omissions, including but not limited to, the following violations of the rules of the road, which violations amount to negligence per se:

(a)     Homicide by vehicle, in violation of O.C.G.A. § 40-6-393;

(b)     Driving a vehicle, intending to turn left into a driveway and failing to yield the right of way to a vehicle approaching from the opposite direction which is so close to the intersection as to constitute an immediate hazard, in violation of O.C.G.A. § 40-6-71;

(c)     Reckless driving, in violation of O.C.G.A. § 40-6-390;

(d)     Distracted driving, in violation of O.C.G.A. § 40-6-241; and

(e)     Failing to maintain a proper lookout for other traffic.

51.

Defendant Wiley Sanders is liable for the acts and omissions of its employees and agents, including Defendant Rutledge, pursuant to O.C.G.A. § 51-2-2.

52.

The conduct of Defendants Wiley Sanders, and Rutledge, individually and in concert with each other, proximately caused the collision and resulting damages.

53.

Defendant Hudson entered into a policy and contract of insurance with Defendant Wiley Sanders to provide liability coverage in the event of a motor vehicle collision involving Wiley Sanders and/or its employees and/or agents.

54.

Plaintiff represents third-party beneficiaries under said contract(s) or policy(-ies) of insurance and is entitled to receive payments from Defendant Hudson for the negligence of Defendants Wiley Sanders and Rutledge.

## **DAMAGES CLAIMED**

55.

The damages claimed by Plaintiff were proximately caused by the tortious acts and omissions of Defendants Wiley Sanders and Rutledge, for which they are liable jointly and severally.

56.

Plaintiff, as Administratrix of the Estate of Thad Jenkins, is entitled to recover and claims all allowable damages, including compensatory and punitive damages, against Defendants in accordance with O.C.G.A. § 51-12-5.1 to punish, penalize, and deter Defendants from future similar conduct.

57.

Plaintiff claims all damages incurred by the Estate of Thad Jenkins including damages for Thad Jenkins's funeral and burial expenses as well as his mental and physical pain and suffering, and his pre-impact shock, fright, and terror.

58.

Plaintiff seeks punitive damages against Defendant Rutledge in an amount sufficient to punish, penalize, and deter her pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

59.

Plaintiff seeks punitive damages against Defendant Wiley Sanders in an amount sufficient to punish, penalize, and deter it pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

60.

Plaintiff claims all damages allowable under Georgia law arising from the wrongful death of her spouse, Thad Jenkins.

## PRAYER FOR RELIEF

61.

WHEREFORE Plaintiff prays for the following relief:

(a)   That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

(b)   That Plaintiff have and recover all damages for all losses compensable under Georgia law as set forth above;

(c)   That Plaintiff have a trial by jury;

(d)   That all costs be cast against Defendants; and

(e)   For such other and further relief as the Court shall deem just and appropriate.

Dated this 27th day of December 2022.

Respectfully submitted,

COOK LAW GROUP, LLC

*/s/ Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Nathan R. Nicholson
Georgia Bar No. 390553
Joshua L. Bearden
Georgia Bar No. 148312
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 Telephone
888-612-0589 Facsimile
matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

THE CUMMINS FIRM
D. Scott Cummins
Georgia Bar No. 201810
75 Jackson St.
Building 400, Suite 402
Newnan, GA 30263
Telephone: (678) 590-5590
Facsimile: (678) 877-8118
scott@thecumminsfirm.com
**Attorneys for Plaintiff**

# STATE COURT OF DECATUR COUNTY
# STATE OF GEORGIA

⊛ **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**22SV00121**
**DAVID A. KENDRICK**
**DEC 28, 2022 11:12 AM**

*Cecilia Willis, Clerk*
*Decatur County, Georgia*

CIVIL ACTION NUMBER  22SV00121

Kee, Dallas

_____

**PLAINTIFF**

**VS.**

Wiley Sanders Truck Lines, Inc.
Hudson Insurance Company
Rutledge, Amy L

_____

**DEFENDANTS**

## SUMMONS

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Matthew E Cook**
> **Cook Law Group LLC**
> **PO Box 2415**
> **Gainesville, Georgia 30503**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of December, 2022.**

Clerk of State Court

_____
Cecilia Willis, Clerk
Decatur County, Georgia

Page 1 of 1

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**
DAVID A. KENDRICK
DEC 28, 2022 11:12 AM

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DALLAS KEE, as Surviving Spouse of | * | |
| Thad Jenkins, Deceased, and as | * | |
| Administratrix of the Estate of Thad | * | |
| Jenkins, Deceased, | * | CIVIL ACTION NO.: |
| | * | |
| Plaintiff, | * | |
| | * | _____ _____ |
| v. | * | |
| | * | |
| AMY LYNNE RUTLEDGE, | * | |
| WILEY SANDERS TRUCK LINES, | * | |
| INC., and HUDSON INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

Plaintiff in the above-styled action hereby shows the Court the following:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Plaintiff is a citizen and resident of Georgia.

### 2.

At all times pertinent to this Complaint, Plaintiff Dallas Kee was the spouse of Thad Jenkins, Deceased. Plaintiff Dallas Kee asserts claims for the wrongful death of her husband, Thad Jenkins, Deceased. Plaintiff is also the duly appointed Administratrix of Thad Jenkins's Estate. Plaintiff asserts claims for the wrongful death of her husband, Thad Jenkins, Deceased and claims on behalf of the Estate of Thad Jenkins, Deceased as the Administratrix of his Estate.

3.

Defendant Amy Lynne Rutledge is a nonresident motorist.  Defendant Rutledge is a resident and citizen of Alabama, with a last known residence address of 307 Frankfort Ave, Sheffield AL 35660, where she may be served.

4.

This Court has personal jurisdiction over Defendant Rutledge, *inter alia*, pursuant to the Non-Resident Motorist Act, the Long-Arm Statute, and other applicable law.

5.

Service may be perfected on Defendant Rutledge, *inter alia*, pursuant to the Long Arm Statute, the Non-Resident Motorist Act, and all other applicable law.

6.

Defendant Rutledge is a resident of Alabama, and said Defendant is subject to the jurisdiction of this Court under, *inter alia*, the authority of O.C.G.A. §§ 40-12-1 et seq., and may also be served by serving the Secretary of State, State of Georgia, Brad Raffensperger, as agent, as provided by said laws.  Brad Raffensperger, or his duly appointed agent for service of process, may be served at 2 Martin Luther King Jr. Drive, Suite 313 West Tower, Atlanta, GA 30334-1530.

7.

Venue is proper in this Court with respect to Defendant Rutledge because venue is proper with respect to a co-defendant.

8.

At all times relevant to this Complaint, Defendant Rutledge resided outside the state of Georgia.

9.

Defendant Wiley Sanders Truck Lines, Inc. ("Wiley Sanders") is a foreign corporation incorporated under the laws of Alabama with its principal place of business and principal office address located at 1 Sanders Road, Troy, Alabama 36079.  Defendant Wiley Sanders maintains a registered agent in Gwinnett County, Georgia.  Defendant Wiley Sanders may be served with legal process by serving its registered agent for service of process J. Patrick O'Brien at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

10.

Personal jurisdiction exists as to Defendant Wiley Sanders because it committed a tortious act in Georgia, by and through its agent.

11.

Venue is proper in this Court with respect to Defendant Wiley Sanders because venue is proper with respect to a co-defendant.

12.

Defendant Hudson Insurance Company ("Hudson") is a corporation incorporated under the laws of Delaware with its principal place of business and principal office address located at 100 William Street, 5th Floor, New York, NY 10038.  Defendant Hudson may be served with legal process by serving its registered agent for service of process Linda Banks c/o C T Corporation System at 289 South Culver Street, Lawrenceville, GA 30046-4805.

13.

Personal jurisdiction exists as to Defendant Hudson because it is duly authorized to transact business in Georgia, maintains its principal place of business in Georgia, transacts business in Georgia, and maintains a registered agent and office in Georgia.

14.

Venue is proper in this Court as to Defendant Hudson pursuant to O.C.G.A. § 33-4-1 as Defendant Hudson maintains an agent in Decatur County, GA.

## OPERATIVE FACTS

15.

On March 17, 2022, at approximately 7:00 p.m., Mr. Thad Jenkins was traveling southbound in the right lane of Georgia Highway 14, also known as Highway 29, approximately 900 feet north of the Interstate 85 Southbound exit/entrance ramp in Coweta County, Georgia.

16.

On or around that same time, Defendant Rutledge was driving a commercial tractor-trailer northbound on Georgia Highway 14, and after approaching its intersection with the driveway for the BP business located at 1389 Highway 29 South, Newnan, GA 30263, initiated a left turn into the BP parking lot.

17.

Despite the fact that Mr. Jenkins was clearly visible to Defendant Rutledge, Defendant Rutledge nonetheless negligently failed to yield to Mr. Jenkins and turned directly in front of Mr. Jenkins, blocking Mr. Jenkins' lane of travel and causing Mr. Jenkins's vehicle to strike Defendant Rutledge's vehicle.

18.

Given that Mr. Jenkins was clearly visible to Defendant Rutledge and that he was too close for Defendant Rutledge to make a safe left turn, Plaintiff alleges that Defendant Rutledge was not paying attention to oncoming traffic and was distracted and engaging in unsafe behavior when she initiated her left turn in front of Mr. Jenkins.

19.

Because Defendant Rutledge turned directly in front of Mr. Jenkins, Mr. Jenkins was unable to avoid the collision with Defendant Rutledge's vehicle and was not contributorily negligent in any way.

20.

At the time of the subject collision, Defendant Rutledge was driving a truck owned and operated by Defendant Wiley Sanders.

21.

At the time of the subject collision, Defendant Rutledge was operating and controlling the truck as an employee and/or agent of Defendant Wiley Sanders.

22.

At the time of the subject collision, Defendant Rutledge was operating the truck in the furtherance of Defendant Wiley Sanders' business.

23.

At the time of the subject collision, Defendant Rutledge was in the course and scope of her employment with Defendant Wiley Sanders.

24.

At the time of the subject collision, Defendant Rutledge was not fit to operate a commercial motor vehicle and should not have been entrusted with the vehicle.

25.

Defendant Rutledge was operating the vehicle in a reckless manner without due regard to the safety of other motorists and her reckless misconduct proximately caused Mr. Jenkins's injuries, losses, and wrongful death.

26.

Prior to and at the time of the wreck, Defendant Wiley Sanders was negligent in its hiring, supervision, training and retention of Defendant Rutledge and negligently entrusted the subject commercial motor vehicle to Defendant Rutledge who was not competent to drive the vehicle.  Defendant Wiley Sanders' misconduct was a proximate cause of Plaintiff's losses.

27.

Defendant Wiley Sanders failed to investigate and negligently selected Defendant Rutledge to drive for or on behalf of Defendant Wiley Sanders and negligently entrusted Defendant Rutledge to drive the subject commercial vehicle.

28.

At all times pertinent to this Complaint, Defendant Wiley Sanders was a motor common carrier for hire.

29.

Defendant Hudson provided liability insurance to Defendant Wiley Sanders under policy number HMB200132, which provides coverage for the claims asserted in this Complaint against Defendants Wiley Sanders and Rutledge and subjects said insurer to this action under O.C.G.A. § 40-1-112 and/or O.C.G.A. § 40-2-140. At the time of the subject collision, Defendants Wiley Sanders and Rutledge were operating as an interstate carrier operation for which Defendant Hudson provided insurance.

30.

Upon information and belief, on numerous occasions Defendant Rutledge illegally and inappropriately used a cellular device while driving to film herself and her surroundings prior to her employment with Defendant Wiley Sanders actions which Defendant Wiley Sanders should have been aware of because, among other things, Defendant Rutledge posted such footage of herself on her social media account for all the World to see.

31.

Upon information and belief, on numerous occasions Defendant Rutledge used a cellular device while acting as an employee and agent of Defendant Wiley Sanders, in violation of O.C.G.A. § 40-6-241 and 49 C.F.R. 392.  Defendant Rutledge had a pattern and practice of using a cellular device illegally and inappropriately while operating a tractor-trailer to film herself and her surroundings which Defendant Wiley Sanders knew or should have known of such pattern and practice prior to the subject collision. In fact, Defendant Rutledge would hold her cell phone in her hand, film or photograph the highway and traffic ahead and then post her footage on her social media.

32.

Defendant Wiley Sanders knew or should have known of Defendant Rutledge's tendencies to engage in such reckless behavior while operating as a driver, employee, and agent of Wiley Sanders.

33.

Defendant Wiley Sanders knew or should have known of Defendant Rutledge's tendencies to engage in using her cellular device prior to her employment with Defendant Wiley Sanders because such information is readily available on public sources.

34.

Defendant Wiley Sanders failed to properly and adequately train Defendant Rutledge on prohibiting the use of her cellular device while operating a commercial vehicle, including tractor-trailers while working for Defendant Wiley Sanders.

35.

Defendant Wiley Sanders failed to properly and adequately train Defendant Rutledge on prohibiting the use of her cellular device while operating a commercial vehicle, including tractor-trailers while working for Defendant Wiley Sanders.

36.

Defendant Wiley Sanders failed to properly monitor Defendant Rutledge's use of cellular devices while operating Wiley Sanders's tractor-trailer despite such information being readily available to the public, including Defendant Wiley Sanders.

37.

Defendant Wiley Sanders's lack of training and discipline for Defendant Rutledge's cellular device use while operating a commercial vehicle encouraged future cellular use that occurred and at the very least failed to stop such behavior.

38.

Defendant Wiley Sanders was negligent in its hiring, training, supervision, retention and entrustment of Defendant Rutledge given her public postings of her reckless, illegal and unsafe driving practices.

39.

As a result of the subject collision, Mr. Jenkins suffered pre-impact shock, fright, and terror, as well as injuries that caused him mental and physical pain and suffering up until the time of his death which was the direct result of the negligent acts of Defendants.

40.

Mr. Jenkins was employed at the time of the wreck and had many years of life ahead of him where he would have enjoyed his life with his wife, his parents, his children, his grandchildren and his friends.  Defendants' negligence deprived Mr. Jenkins of such activities and as a result, Plaintiff seeks damages for the wrongful death and the Estate's losses including the funeral and burial expenses incurred because of Thad Jenkins' death which was caused by the tortious actions of Defendants.

41.

Defendant Rutledge's actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

42.

Defendant Wiley Sanders' actions demonstrate willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences for which punitive damages are demanded.

## LIABILITY OF DEFENDANTS

## COUNT ONE: *RESPONDEAT SUPERIOR*

43.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

44.

Defendant Wiley Sanders is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of its agents and employees, including Defendant Rutledge.

## COUNT TWO: NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING

45.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

46.

Defendant Wiley Sanders is liable for the negligent hiring, retention, training and/or supervision of Defendant Rutledge.

## COUNT THREE: NEGLIGENT ENTRUSTMENT

47.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

48.

Defendant Wiley Sanders is liable for negligently entrusting a vehicle to Defendant Rutledge.

## COUNT FOUR: NEGLIGENCE

49.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

50.

Defendant Rutledge is liable for the following tortious acts and omissions, including but not limited to, the following violations of the rules of the road, which violations amount to negligence per se:

(a)     Homicide by vehicle, in violation of O.C.G.A. § 40-6-393;

(b)     Driving a vehicle, intending to turn left into a driveway and failing to yield the right of way to a vehicle approaching from the opposite direction which is so close to the intersection as to constitute an immediate hazard, in violation of O.C.G.A. § 40-6-71;

(c)     Reckless driving, in violation of O.C.G.A. § 40-6-390;

(d)     Distracted driving, in violation of O.C.G.A. § 40-6-241; and

(e)     Failing to maintain a proper lookout for other traffic.

51.

Defendant Wiley Sanders is liable for the acts and omissions of its employees and agents, including Defendant Rutledge, pursuant to O.C.G.A. § 51-2-2.

52.

The conduct of Defendants Wiley Sanders, and Rutledge, individually and in concert with each other, proximately caused the collision and resulting damages.

53.

Defendant Hudson entered into a policy and contract of insurance with Defendant Wiley Sanders to provide liability coverage in the event of a motor vehicle collision involving Wiley Sanders and/or its employees and/or agents.

54.

Plaintiff represents third-party beneficiaries under said contract(s) or policy(-ies) of insurance and is entitled to receive payments from Defendant Hudson for the negligence of Defendants Wiley Sanders and Rutledge.

## **DAMAGES CLAIMED**

55.

The damages claimed by Plaintiff were proximately caused by the tortious acts and omissions of Defendants Wiley Sanders and Rutledge, for which they are liable jointly and severally.

56.

Plaintiff, as Administratrix of the Estate of Thad Jenkins, is entitled to recover and claims all allowable damages, including compensatory and punitive damages, against Defendants in accordance with O.C.G.A. § 51-12-5.1 to punish, penalize, and deter Defendants from future similar conduct.

57.

Plaintiff claims all damages incurred by the Estate of Thad Jenkins including damages for Thad Jenkins's funeral and burial expenses as well as his mental and physical pain and suffering, and his pre-impact shock, fright, and terror.

58.

Plaintiff seeks punitive damages against Defendant Rutledge in an amount sufficient to punish, penalize, and deter her pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

59.

Plaintiff seeks punitive damages against Defendant Wiley Sanders in an amount sufficient to punish, penalize, and deter it pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

60.

Plaintiff claims all damages allowable under Georgia law arising from the wrongful death of her spouse, Thad Jenkins.

## **PRAYER FOR RELIEF**

61.

WHEREFORE Plaintiff prays for the following relief:

(a)   That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

(b)   That Plaintiff have and recover all damages for all losses compensable under Georgia law as set forth above;

(c)   That Plaintiff have a trial by jury;

(d)   That all costs be cast against Defendants; and

(e)   For such other and further relief as the Court shall deem just and appropriate.

Dated this 27th day of December 2022.

Respectfully submitted,

COOK LAW GROUP, LLC

*/s/ Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Nathan R. Nicholson
Georgia Bar No. 390553
Joshua L. Bearden
Georgia Bar No. 148312
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 Telephone
888-612-0589 Facsimile
matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

THE CUMMINS FIRM
D. Scott Cummins
Georgia Bar No. 201810
75 Jackson St.
Building 400, Suite 402
Newnan, GA 30263
Telephone: (678) 590-5590
Facsimile: (678) 877-8118
scott@thecumminsfirm.com
**Attorneys for Plaintiff**

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**
DAVID A. KENDRICK
DEC 28, 2022 11:12 AM

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

DALLAS KEE, as Surviving Spouse of     *
Thad Jenkins, Deceased, and as          *
Administratrix of the Estate of Thad     *
Jenkins, Deceased,                     *     CIVIL ACTION NO.:
                                 *
    Plaintiffs,                  *
                                 *     _____ _____
v.                               *
                                 *
AMY LYNNE RUTLEDGE,          *
WILEY SANDERS TRUCK LINES,     *
INC., and HUDSON INSURANCE       *
COMPANY,                     *
                               *
    Defendants.                 *

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION OF FACTS TO UNDERINSURED MOTORIST CARRIER STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW Plaintiff and serves these Requests for Admission upon the named Insurer

and request that they be fully admitted in writing and under oath within forty-five (45) days of the

date of service. These Requests for Admission are served pursuant to the Georgia Civil Practice

Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED

ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF

THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR

OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the

truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff

thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to

the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by Plaintiff

in making that proof, including reasonable attorney fees.  The Court must make such order unless it finds that the Request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.

Admit that State Farm Mutual Automobile Insurance Company ("State Farm") has been properly served with process in this action.

2.

Admit that State Farm raises no defenses as to insufficiency of process in this action.

3.

Admit liability.

4.

Admit that no person other than the parties to this action are responsible for the subject collision.

5.

Please admit that State Farm raises no defense of coverage under the policies identified in Plaintiff's accompanying Notice to Uninsured/Underinsured Motorist Carrier, which have been addressed to State Farm.

6.

Admit that State Farm is, in fact, the uninsured/underinsured provider for decedent Thad Jenkins as opposed to some other State Farm affiliated company.

7.

Admit that no Plaintiff caused or contributed to the wreck that forms the basis for the Complaint.

8.

Admit that there are no policy defects and that the coverage on the vehicle driven by and/or occupied by Plaintiff was paid and in full force and effect on the date of the subject wreck.

9.

Admit that no person or entity not named as a party to this suit caused or contributed to the subject wreck.

10.

Admit that any statements taken of any Plaintiff by your agents and/or employees were not taken in anticipation of litigation.

This 23rd day of December 2022.

Respectfully submitted,
COOK LAW GROUP, LLC

*/s/ Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Nathan R. Nicholson
Georgia Bar No. 390553
Joshua L. Bearden
Georgia Bar No. 148312
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 Telephone
888-612-0589 Facsimile
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Page 3 of 4

nathan@cook-lawgroup.com
josh@cook-lawgroup.com

THE CUMMINS FIRM
D. Scott Cummins
Georgia Bar No. 201810
75 Jackson St.
Building 400, Suite 402
Newnan, GA 30263
Telephone: (678) 590-5590
Facsimile: (678) 877-8118
scott@thecumminsfirm.com
***Attorneys for Plaintiff***

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**
**DAVID A. KENDRICK**
**DEC 28, 2022 11:12 AM**

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DALLAS KEE, as Surviving Spouse of | * | |
| Thad Jenkins, Deceased, and as | * | |
| Administratrix of the Estate of Thad | * | |
| Jenkins, Deceased, | * | CIVIL ACTION NO.: |
| | * | |
| Plaintiffs, | * | |
| | * | _____ _____ |
| v. | * | |
| | * | |
| AMY LYNNE RUTLEDGE, | * | |
| WILEY SANDERS TRUCK LINES, | * | |
| INC., and HUDSON INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO UNDERINSURED MOTORIST CARRIER STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW the Plaintiff in the above-styled action and serves these Interrogatories upon the named Insurer and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These Interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the named Insurer, as well as to the knowledge and information of its attorneys, investigators, agents, employees, and other representatives. If the named Insurer is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to the named Insurer or Defendants, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other

Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes or statistical calculations.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**Occurrence**" refers to the collision made the basis of the Complaint.

4.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

Page 2 of 10

## <u>INTERROGATORIES</u>

1.

Please identify the correct name of the State Farm Mutual Automobile Insurance Company ("State Farm") entity that provides uninsured/underinsured coverage to Decedent Thad Jenkins/Plaintiff in this case.

2.

Please state the policy limits of underinsured/uninsured motorist coverage afforded Plaintiff/ Decedent Thad Jenkins for this incident by State Farm.

3.

Identify all persons who have investigated the subject collision that occurred on or about March 17, 2022, or who have discussed the subject collision with you.

4.

Please identify any and all insurance, including any liability, uninsured/underinsured, excess or umbrella coverage, or coverage by any other description which does or may afford insurance coverage for the claims made in this lawsuit. Include the policy number, company issuing the policy, and liability insurance limits.

5.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who (person or entity) was at fault or in any way responsible for causing this wreck, and about any other information pertaining to any of the issues of liability and/or damages in this case. Please include a brief description of the nature of such person's knowledge. (For example: eyewitness, investigating police officer, medical personnel, etc.).

6.

Please state whether you or any of the above witnesses gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify any person giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s), and attach copies of any such statement to your response.

7.

Please identify all persons who are supplying information to respond to these Interrogatories.

8.

For each defense raised in your Answer, provide a detailed factual and statutory basis for each such defense.

9.

Please state whether you contend the Defendants did or did not cause the subject occurrence.  If you deny the Defendants caused the collision, please explain.

10.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, the Defendants or any other person or entity did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's or Decedent Thad Jenkins' injuries or death.  Please supply any statutory authority in support of these contentions.

11.

If as a result of the incident comprising the subject matter of this case, any photographs, motion pictures, survey, charts, plats, drawings, etc., were made of any person(s), place(s), or thing(s), then please describe such item and state the name and address of the person who has custody and/or control of them.

12.

Have you been named and served under your correct name?  If not, please state the correct name, and address, and explain your answer so that service may be properly obtained.

13.

Please identify the date, location and name of each and every person known or reasonably believed by you or known by your attorneys, agents or investigators, to have possession of or made or taken any photographs, drawings, plats, videos, audio recordings, or motion pictures, animations, or prepared any diagrams or schematics of the scene of the alleged collision; or the vehicles involved in said collision.

14.

Please identify each expert you expect to call as an expert witness, including medical witnesses, at the trial of this case, giving the name, address, telephone number, and employment of each expert witness, and with respect to each person, state:

(a)     the subject matter on which the expert is expected to testify;

(b)     the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

(c)     identify and produce a copy of any report, including factual observations and opinions which have been prepared for or by any such expert; and

(d)     identify and produce a copy of any written summaries, reports, notes, letters, diagrams, calculations, photographs, or other material of any kind which have been received, reviewed, or generated by such expert in connection with this matter.

15.

Please identify and produce the following documents:

(a)     all documents you receive by way of a Request for Production of Documents, Notice to Produce, or subpoena;

(b)     all documents you receive or obtain from a non-party to this litigation;

(c)     all medical records, including, but not limited to, all medical records relating to Plaintiff, Decedent Thad Jenkins, or Defendant Rutledge; and

(d)     all documents you may use at trial for impeachment or otherwise tender into evidence.

16.

Please produce a detailed log of all statements, reports or other documents which have not been produced pursuant to Plaintiff's Request for Production of Documents.

17.

Identify all witnesses and identify and produce all documents you may rely upon to demonstrate and support all affirmative defenses and denials of the paragraphs, or any portions thereof, of Plaintiff's Complaint as set forth in your Answer.

18.

Please identify all persons (whether medical providers, lay persons or anyone else) who have any information relative to the health condition, prior to or subsequent to the collision in this case, of Plaintiff or any information relative to the issue of damages in this case.

19.

Please identify any photographs, motion pictures, videotapes, surveys, charts, plats, plans, records, drawings, blueprints, sketches, diagrams, computer simulations or any other type of demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved in the subject occurrence, or which in any way illustrates any facts relevant to the subject occurrence and the damages claimed.  Said materials shall include, but not be limited to, any surveillance or photographic footage and pictures which have been taken of any Plaintiff or of Decedent Thad Jenkins at any time beginning March 17, 2022, through the date of any trial or hearing.   As to each item, please state the nature of each item; how many of each item exists (e.g. 15 photographs); the name address and employer of the person making/supplying each item; and the identity of the person who presently possesses each item.

20.

State whether anyone has conducted any surveillance of any Plaintiff subsequent to March 17, 2022 and, if so, please provide the dates of surveillance, the results of the surveillance, and specifically identify all persons who participated in or observed the surveillance.

21.

State whether any test, experiment, inspection, chart or measurement has been made with respect to the scene of the collision.  State the name, current address and telephone number of each person who participated in or observed each such test, experiment, etc.  Identify all documents, pictures, videos and other data generated as a result of such activity.

22.

To your knowledge, information, or belief, has any statement, affidavit or report been made by any person relating to any issue raised by the pleadings in the above-stated case?  If so, describe

each such statement, affidavit, or report, giving the date, the identity of the person present when made, the form (whether oral, written, recorded, etc.), the subject and the present location of any such statement or report, and also give the name of the person having custody and control thereof.

23.

State whether or not any documentary evidence, tangible evidence, videos, photographs, etc. have been destroyed, lost, or otherwise cannot be located, which in any way relate to the issues raised by the pleadings in the above-styled case.

24.

Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

25.

State specifically and with particularity each and every act of negligence, if any, that you contend was committed by Plaintiff in the incident complained of herein and upon which you will or may rely upon at the trial of this case.

26.

State specifically and with particularity each and every act of negligence, if any, that you contend was committed by any Defendant in the incident complained of herein and upon which you will or may rely upon at the trial of this case.

27.

Do you contend that any person or entity, other than the Defendants, caused or contributed to the subject wreck?  If your response is in the affirmative, please identify the person or entity and provide full details of how you contend that person or entity caused or contributed to the subject wreck.

28.

If you contend or allege that any Plaintiff and/or Decedent Thad Jenkins was/is not entitled to uninsured and/or underinsured motorist coverage under any policy of insurance issued by you to Plaintiff for his or her claims in this lawsuit, specifically set forth the basis of your contention, and identify each document relied upon by you to support that contention or allegation.

29.

Describe any information you have, or any reason you have, to believe that Plaintiff's medical treatment and subsequent expenses, including funeral expenses, claimed to have been incurred as a result of the wreck, was not reasonable and necessary, and identify the source(s) of your information supporting that indication or belief.

30.

Identify each piece of documentary or physical evidence which you might use or intend to use at the trial of this case.

31.

If you contend that there are any policy defects or prerequisites to coverage that have not been met, please identify the specific defect or policy language which references any unmet coverage prerequisites and provide all factual predicates upon which your contentions as to policy defects or unmet prerequisites are based.

This 23rd day of December 2022.

Respectfully submitted,
COOK LAW GROUP, LLC

*/s/ Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584

Nathan R. Nicholson
Georgia Bar No. 390553
Joshua L. Bearden
Georgia Bar No. 148312
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 Telephone
888-612-0589 Facsimile
matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

THE CUMMINS FIRM
D. Scott Cummins
Georgia Bar No. 201810
75 Jackson St.
Building 400, Suite 402
Newnan, GA 30263
Telephone: (678) 590-5590
Facsimile: (678) 877-8118
scott@thecumminsfirm.com
***Attorneys for Plaintiff***

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**
DAVID A. KENDRICK
**DEC 28, 2022 11:12 AM**

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DALLAS KEE, as Surviving Spouse of | § | |
| Thad Jenkins, Deceased, and as | § | |
| Administratrix of the Estate of Thad | § | |
| Jenkins, Deceased, | § | CIVIL ACTION NO.: |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| AMY LYNNE RUTLEDGE, | § | |
| WILEY SANDERS TRUCK LINES, | § | |
| INC., and HUDSON INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO UNDERINSURED MOTORIST CARRIER STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

You are hereby notified pursuant to O.C.G.A. § 9-11-34 to produce for inspection and copying at the Law Offices of Cook Law Group, LLC, 800 Jesse Jewell Parkway SW, Suite 100, Gainesville, Georgia 30501, on the 45th day after service, or, in the alternative, copies of said documents and tangible items may be mailed to Cook Law Group, LLC, P. O. Box 2415, Gainesville, Georgia 30503; and pursuant to O.C.G.A. § 9-11-30(b)(5), at the time of the taking of any deposition of Defendant; and, pursuant to O.C.G.A. § 24-10-26, upon any hearing, rule nisi or trial of the above-styled case is concluded, the following documents and records which are in your possession, custody or control, to include Defendants, his agents, servants, representatives, investigators, attorneys and others who are in a position of or who may have obtained information requested herein, to be used for purposes of discovery or for use at any trial or hearing as evidence by the Plaintiff as the same may be applicable.

NOTE: As used herein, "documents" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of

Defendant, or of which Insurer has knowledge, including handwritten notes, studies, pictures, voice recordings, maps, reports, films, etc.

INSTRUCTIONS

1.      Any document as to which a claim or privilege is or will be asserted should be identified by author, signatory, description (e.g., letter, memorandum, telex, recording, etc.), title (if any), date, addresses (if any), general subject matter, present depository and present custodian, and a complete statement of the grounds for the claim of privilege should be set forth.  In addition, please separate, index and identify the questioned document or item with sufficient particularity so that the Court may make a determination as to the validity of the objection.

2.      If it is maintained that any document which is requested existed at one time and in some form, but has been destroyed, set forth the contents of the document(s), the date of such destruction, the name of the person who authorized or directed such destruction, and the method of destruction.

3.      If any documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

4.      If no such information exists to comply with a particular Request, please state that fact.  Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail.  If documents are voluminous, please contact Plaintiffs' counsel to arrange an alternative production.

<strong><u>THE DOCUMENTS REQUESTED ARE AS FOLLOWS</u>:</strong>

1.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision including, but not limited

to, the issues of liability or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blueprints, sketches, surveys, diagrams, computer simulations or any other photographic or demonstrative evidence concerning the subject collision and concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability and damages.

3.

Please produce a copy of any notes or any incident report prepared by you, or on your behalf, concerning the subject collision and any claim or potential claim arising out of said collision.

4.

Please produce a complete copy of all policies of insurance (to include the declarations pages) which do or may afford uninsured/underinsured motorist insurance coverage to Plaintiff for his claims against Defendants.

5.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit.  Also, please produce all materials forwarded to or relied upon by each expert in formulating his or her opinions and conclusions.

6.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

7.

Please produce copies of any and all evidence in your possession to include documents, records, medical records, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiff's physical or medical condition, injuries or damages that have not been supplied to you by Plaintiff's counsel.

8.

Produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Continuing Interrogatories.

9.

Please produce a copy of any report or statement by the Plaintiff or Defendants and given to the police, Defendant's employers, any insurer, or any other person concerning the subject collision.

10.

Produce a copy of Defendant's cell phone records from the date of the subject wreck.

11.

Please produce a copy of all documents or other materials you have generated or received from any person as a result of this collision.

12.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the vehicle driven by Defendant in the subject collision and who repaired said vehicle after the subject collision.

13.

Please produce copies of any and all information sent to or received from or through any of insurer concerning the collision giving rise to this litigation, including, but not limited to, the issue of liability or damages in this case.

14.

Please produce a copy of any reservation of rights letter or other documentation of any kind from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

15.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon Defendant by any person, including, but not limited to, any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

16.

Please produce copies of any and all citations received by Defendant from any law enforcement officer, to include citations relevant to any violation of any law, ordinance, or rule of road of any state as a result of this collision.

17.

Please produce copies of any tapes, photographs, videos or recordings made on the day of the collision that relate to the subject collision.

18.

Please produce copies of all photographs, videos or recordings related to the subject collision, including the vehicles involved in the subject collision.

19.

Please produce any documents or materials that you contend show that any other entity or person, other than the Defendants, is responsible for the subject collision.

20.

Please produce all items of documentary, physical and tangible evidence which you may offer as evidence or tender for impeachment at the trial of this case.

21.

Please produce any accident, incident or investigative reports prepared by you or any insurer.

22.

Please produce a copy of each statement (oral, written, recorded, court or deposition transcript) taken from any person with information relevant to this lawsuit, including, but not limited to, issues relating to liability, causation, or damages.

23.

Please produce a copy of any written summaries, reports, notes, letters, diagrams, calculations, photographs, videos, or other material of any kind which have been received, reviewed, or generated by any expert in connection with this matter.

24.

Please produce all photographs, motion pictures, videotapes, surveys, charts, plats, plans, records, drawings, blueprints, sketches, diagrams, computer simulations or any other type of demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved in the subject occurrence, or which in any way illustrate any facts relevant to the subject occurrence and the damages claimed.  Said materials shall include, but not be limited to, any surveillance or photographic footage and pictures which have been taken of the Plaintiff or of

Decedent Thad Jenkins at any time beginning March 17, 2022, through the date of any trial or hearing.

25.

Please produce the following documents:

(a)     all documents you receive by way of a Request for Production of Documents, Notice to Produce, or subpoena;

(b)     all documents you receive or obtain from a non-party to this litigation;

(c)     all medical records, including, but not limited to, all medical records relating to Plaintiff, Decedent Thad Jenkins, and/or Defendant; and

(d)     all documents you may use at trial for impeachment or otherwise tender into evidence.

26.

Please produce the entire file of any expert you intend to call as a witness at trial, including, but not limited to, all notes, emails, curriculum vitae, correspondence, reports, photographs, videotapes, drawings, diagrams, plats, research, animations, simulations, materials relied upon by the expert, and all other documents or items relied upon, reviewed or considered by the expert.  If you contend that any of the requested items are protected from discovery by the Work-Product Immunity Doctrine or other privilege, please identify all such documents with enough specificity that would allow Plaintiffs to file a Motion to Compel.

27.

Produce all documents which you identify in any pretrial order in the above-styled case.

28.

Please produce a complete copy of Defendant Rutledge's driving history for the past seven

(7) years.

29.

Produce copies of all documents that record, reflect, or otherwise evidence, in whole or in part, documents relating to experts retained for testimony, including the following:

(a)     A resume or CV describing the qualifications of each retained expert;

(b)     The retention agreement and contract with each retained expert;

(c)     The opinions, notes and grounds for opinions of each retained expert;

(d)     Documents, including all correspondence, exchanged with each retained expert;

(e)     Reports of billing statements from, and payments to, each retained expert; and

(g)     All notes, photographs, videotapes, recordings, sketches, and measurements prepared by the retained expert relating to his work on this case.

30.

Please produce any report or statement concerning the wreck given by Defendant, Decedent Thad Jenkins, and/or Plaintiff to the police, any insurer, or any other person concerning the wreck set forth in the Complaint.

31.

Please produce all documents received from non-parties.

This 23rd day of December 2022.

Respectfully submitted,
COOK LAW GROUP, LLC

*/s/ Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Nathan R. Nicholson
Georgia Bar No. 390553

Joshua L. Bearden
Georgia Bar No. 148312
P.O. Box 2415
Gainesville, GA 30503
678-928-3899 Telephone
888-612-0589 Facsimile
matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

THE CUMMINS FIRM
D. Scott Cummins
Georgia Bar No. 201810
75 Jackson St.
Building 400, Suite 402
Newnan, GA 30263
Telephone: (678) 590-5590
Facsimile: (678) 877-8118
scott@thecumminsfirm.com
***Attorneys for Plaintiff***

Sheriff Number: 23000184    Court Case Number: 22SV00121
Date Received: 1/4/2023 Time: 1:17 PM
Special Service Inst:

State of Georgia
Gwinnett County

**EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**
**DAVID A. KENDRICK**
JAN 13, 2023 08:48 AM

Cecilia Willis, Clerk
Decatur County, Georgia

ATTORNEY'S ADDRESS

COOK LAW GROUP
P O BOX 2415
GAINESVILLE, GA 30503

THAD JENKINS, ET AL
PLAINTIFF
VS.
AMY LYNNE RUTLEDGE, ET AL
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
2 SUN COURT SUITE 400
PEACHTREE CORNERS, GA 30092

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐   Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and
summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|------------|------------|-----|-----|-----|
|     |            |            |     |     |     |

**CORPORATION** ☒
I have this day served the _State Farm Mutual Automobile Ins.Comp_
the within action and summons with _Alisha Smith_ a corporation by leaving a copy of
doing business of said Corporation in this County. _____ in charge of the office and place of

**TACK AND MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found
in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: _01-05-2023_

Time: _____

_Sgt. Collins, SO 500_
Deputy Sheriff

GWINNETT COUNTY GEORGIA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**22SV00121**

**DAVID A. KENDRICK**
**JAN 05, 2023 11:20 AM**

Cecilia Willis, Clerk
Decatur County, Georgia

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DALLAS KEE, as Surviving Spouse of | * |
| Thad Jenkins, Deceased, and as | * |
| Administratrix of the Estate of Thad | * |
| Jenkins, Deceased, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| AMY LYNNE RUTLEDGE, | * |
| WILEY SANDERS TRUCK LINES, | * |
| INC., and HUDSON INSURANCE | * |
| COMPANY, | * |
| | * |
| Defendants. | * |

CIVIL ACTION NO.: 22SV00121

## ACKNOWLEDGMENT OF SERVICE

COME NOW Defendants Amy Lynne Rutledge ("Rutledge"), Wiley Sanders Truck Lines, Inc. ("Wiley Sanders"), and Hudson Insurance Company, Defendants in the above-captioned action, and hereby acknowledge due and legal service and sufficiency of service of process of the following in the above-captioned action:

1. Summons for Defendant Rutledge;

2. Summons for Wiley Sanders

3. Summons for Hudson Insurance Company;

4. Filing Form;

5. Complaint;

6. Plaintiff's First Requests for Admission of Facts to Defendant Rutledge;

7. Plaintiff's First Interrogatories to Defendant Rutledge;

8. Plaintiff's First Requests for Production of Documents to Defendant Rutledge;

9. Plaintiff's First Requests for Admission of Facts to Defendant Wiley Sanders;

10. Plaintiff's First Interrogatories to Defendant Wiley Sanders;

11. Plaintiff's First Requests for Production of Documents to Defendant Wiley Sanders;

12. Plaintiff's First Requests for Admission of Facts to Underinsured Motorist Carrier State Farm Automobile Insurance Company ("State Farm");

13. Plaintiff's First Interrogatories to Underinsured Motorist Carrier State Farm;

14. Plaintiff's First Requests for Production of to Underinsured Motorist Carrier State Farm;

15. Plaintiff's First Requests for Admission of Facts to Hudson Insurance Company;

16. Plaintiff's First Interrogatories to Hudson Insurance Company;

17. Plaintiff's First Requests for Production of Documents to Hudson Insurance Company;

18. Notice to Underinsured Motorist Carrier State Farm;

Defendants waive all defenses they may have with regard to any service of process issues, including but not limited to defenses concerning insufficiency of service and insufficiency of process. Further service of the Complaint and Summons and above-referenced Discovery documents on said Defendants is waived.

Defendants will answer the enclosed Complaint within 45 days and the discovery within 60 days.

This 5th day of January, 2023.

Signed and Accepted,

*/s/ Andrew T. Craft*
Lewis Brisbois Bisgaard & Smith LLP
Andrew T. Craft
Georgia Bar No.: 844764
Brantley C. Rowlen
Georgia Bar No.: 153031
600 Peachtree Street NE, Suite 4700
Atlanta, GA 30308
***Attorneys for Defendant***

## IN THE STATE COURT OF DECATUR COUNTY
## STATE OF GEORGIA

DALLAS KEE, as Surviving Spouse of Thad
Jenkins, Deceased, and as Administratrix of the
Estate of Thad Jenkins, Deceased,

       Plaintiff,

v.

AMY LYNNE RUTLEDGE, WILEY
SANDERS TRUCK LINES, INC., and
HUDSON INSURANCE COMPANY,

       Defendants.

Civil Action File No. 22SV00121

---

## DEFENDANT HUDSON INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Hudson Insurance Company (hereinafter "Defendant" or "Hudson"), Defendant in the above-styled civil action, and, without waiving any defenses as to service or process, personal jurisdiction and venue, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Venue is or may be improper as to this Defendant.

### THIRD DEFENSE

This Defendant did not breach any duty owed to Plaintiff.

### FOURTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and Plaintiff's alleged injuries and damages.

## FIFTH DEFENSE

At all times relevant hereto, this Defendant acted reasonably and expressly denies any negligence or any other wrongdoing with respect to its actions in this case.

## SIXTH DEFENSE

The injuries allegedly suffered by Plaintiff were proximately caused by the actions or omissions of individuals over whom this Defendant had no control; therefore, this Defendant cannot be liable to the Plaintiff.

## SEVENTH DEFENSE

Plaintiff failed to exercise ordinary care for his own safety and assumed the risk of injury.

## EIGHTH DEFENSE

Plaintiff's negligence exceeded the negligence of any other party who may have caused or contributed to the accident which resulted in Plaintiff's alleged injury and Plaintiff is barred from recovery.

## NINTH DEFENSE

Plaintiff had the last clear chance to avoid the accident, and therefore Plaintiff is not entitled to recover for his injury.

## TENTH DEFENSE

Plaintiff claims for punitive damages are in violation of and barred by the Due Process Clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 1, and by the Fifth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages against this Defendant for which relief can be granted.

2

## TWELFTH DEFENSE

Punitive damages are not recoverable herein by Plaintiff against this Defendant inasmuch as there has been no showing of record evidence supporting such a claim against this Defendant as required under O.C.G.A. § 51-12-5.1.

## THIRTEENTH DEFENSE

There is no clear and convincing evidence that this Defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

## FOURTEENTH DEFENSE

While this Defendant denies that it is liable to the Plaintiff in any sum whatsoever and denies that it is liable for punitive damages, any award of punitive damages is limited by the cap provided in O.C.G.A. § 51-12-5.1(g).

## FIFTEENTH DEFENSE

This Defendant incorporates by reference all rights and defenses afforded to it pursuant to Senate Bill 3, commonly referred to at the Tort Reform Legislation of 2005, signed into law Feb. 16, 2005.

## SIXTEENTH DEFENSE

At all times relevant hereto, this Defendant met or exceeded the standard of care applicable under the same or similar circumstances.

## SEVENTEENTH DEFENSE

This Defendant incorporates herein any and all applicable affirmative defenses found within O.C.G.A. § 9-11-12 not expressly set forth herein above.

## EIGHTEENTH DEFENSE

One or more parties to this action may be improper.

## NINETEENTH DEFENSE

This Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. Accordingly, this Defendant reserves the right herein to assert additional Affirmative Defenses in the event discovery indicates it would be appropriate.

## TWENTIETH DEFENSE

This Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

4

5.

This Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

This Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## **OPERATIVE FACTS**

### 15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint; accordingly said allegations are denied.

### 16.

This Defendant admits Defendant Rutledge was operating a tractor trailer on GA Hwy 14 and initiated a turn into a BP. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint; accordingly said allegations are denied.

### 17.

This Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

### 18.

This Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

### 19.

This Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

### 20.

This Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

### 21.

This Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

### 22.

This Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant admits Hudson Insurance Company provided insurance to Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## LIABILITY OF DEFENDANTS

## COUNT ONE:  *RESPONDEAT SUPERIOR*

43.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 42 of Plaintiff's Compliant as if fully set forth herein.

44.

Defendant admits the doctrine of *respondeat superior* applies between Defendant Wiley Sanders and Defendant Rutledge. Defendant denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

## COUNT TWO:  NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING

45.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 45 of Plaintiff's Compliant as if fully set forth herein.

46.

This Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## COUNT THREE:  NEGLIGENT ENTRUSTMENT

47.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 46 of Plaintiff's Compliant as if fully set forth herein.

48.

This Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

## COUNT FOUR:  NEGLIGENCE

### 49.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 48 of Plaintiff's Compliant as if fully set forth herein.

### 50.

This Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

### 51.

This Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

### 52.

This Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

### 53.

This Defendant admits the allegations contained in Paragraph 53 of Plaintiff's Complaint.

### 54.

This Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

## DAMAGES CLAIMED

### 55.

This Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

### 56.

This Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

### 57.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint; accordingly said allegations are denied.

58.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint; accordingly said allegations are denied.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint; accordingly said allegations are denied.

60.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint; accordingly said allegations are denied.

**TWENTY- FIRST DEFENSE**

To the extent Plaintiff's Prayer for Relief requires a response, this Defendant denies any allegations contained therein, including all subparts.

**TWENTY-SECOND DEFENSE**

This Defendant denies any and all other allegations contained in Plaintiff's Complaint it did not specifically admit herein above.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Hudson Insurance Company respectfully prays for the following relief from this Honorable Court:

1. That Plaintiff's claims be denied and that that this Honorable Court dismiss this Defendant, with prejudice;

2. That all costs, attorneys' fees, and expenses for this action be taxed against Plaintiff;

3.  That this case be tried before a jury of twelve (12) persons; and

4.  For all such other relief as this Honorable Court deems just and proper.

Respectfully submitted, this 27th day of January, 2023.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Andrew T. Craft*
Brantley C. Rowlen
Georgia Bar No. 153031
Andrew T. Craft
Georgia Bar No. 844764

*Counsel for Defendant Hudson Insurance Company*

Bank of America Plaza
600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
404.348.8585 (phone)
404.467.8845 (fax)
brantley.rowlen@lewisbrisbois.com
andrew.craft@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a true and correct copy of the foregoing *DEFENDANT HUDSON INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* was filed with the Clerk of Court utilizing the Court's e-filing system, which provides service copies to all counsel of record, and served courtesy copies upon all counsel of record via email and United States Mail, proper postage affixed thereto, and addressed as follows:

Matthew E. Cook
Kate S. Cook
Nathan R. Nicholson
Joshua L. Bearden
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia  30503
matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

D.  Scott Cummins
THE CUMMINS FIRM
75 Jackson Street
Building 400, Suite 402
Newnan, Georgia  30263
scott@thecumminsfirm.com

*Counsel for Plaintiff*

This 27th day of January, 2023.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Andrew T. Craft*
Brantley C. Rowlen
Georgia Bar No. 153031
Andrew T. Craft
Georgia Bar No. 844764

*Counsel for Defendant Hudson Insurance Company*

Bank of America Plaza
600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
404.348.8585 (phone)
404.467.8845 (fax)
brantley.rowlen@lewisbrisbois.com
andrew.craft@lewisbrisbois.com

## IN THE STATE COURT OF DECATUR COUNTY
## STATE OF GEORGIA

DALLAS KEE, as Surviving Spouse of Thad
Jenkins, Deceased, and as Administratrix of the
Estate of Thad Jenkins, Deceased,

        Plaintiff,

v.

AMY LYNNE RUTLEDGE, WILEY
SANDERS TRUCK LINES, INC., and
HUDSON INSURANCE COMPANY,

        Defendants.

Civil Action File No. 22SV00121

## DEFENDANT AMY LYNNE RUTLEDGE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Amy Lynne Rutledge (hereinafter "Defendant" or "Rutledge"), Defendant in the above-styled civil action, and, without waiving any defenses as to service or process, personal jurisdiction and venue, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Venue is or may be improper as to this Defendant.

### THIRD DEFENSE

This Defendant did not breach any duty owed to Plaintiff.

### FOURTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and Plaintiff's alleged injuries and damages.

## FIFTH DEFENSE

At all times relevant hereto, this Defendant acted reasonably and expressly denies any negligence or any other wrongdoing with respect to its actions in this case.

## SIXTH DEFENSE

The injuries allegedly suffered by Plaintiff were proximately caused by the actions or omissions of individuals over whom this Defendant had no control; therefore, this Defendant cannot be liable to the Plaintiff.

## SEVENTH DEFENSE

Plaintiff failed to exercise ordinary care for his own safety and assumed the risk of injury.

## EIGHTH DEFENSE

Plaintiff's negligence exceeded the negligence of any other party who may have caused or contributed to the accident which resulted in Plaintiff's alleged injury and Plaintiff is barred from recovery.

## NINTH DEFENSE

Plaintiff had the last clear chance to avoid the accident, and therefore Plaintiff is not entitled to recover for his injury.

## TENTH DEFENSE

Plaintiff claims for punitive damages are in violation of and barred by the Due Process Clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 1, and by the Fifth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages against this Defendant for which relief can be granted.

## TWELFTH DEFENSE

Punitive damages are not recoverable herein by Plaintiff against this Defendant inasmuch as there has been no showing of record evidence supporting such a claim against this Defendant as required under O.C.G.A. § 51-12-5.1.

## THIRTEENTH DEFENSE

There is no clear and convincing evidence that this Defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

## FOURTEENTH DEFENSE

While this Defendant denies that it is liable to the Plaintiff in any sum whatsoever and denies that it is liable for punitive damages, any award of punitive damages is limited by the cap provided in O.C.G.A. § 51-12-5.1(g).

## FIFTEENTH DEFENSE

This Defendant incorporates by reference all rights and defenses afforded to it pursuant to Senate Bill 3, commonly referred to at the Tort Reform Legislation of 2005, signed into law Feb. 16, 2005.

## SIXTEENTH DEFENSE

At all times relevant hereto, this Defendant met or exceeded the standard of care applicable under the same or similar circumstances.

## SEVENTEENTH DEFENSE

This Defendant incorporates herein any and all applicable affirmative defenses found within O.C.G.A. § 9-11-12 not expressly set forth herein above.

## EIGHTEENTH DEFENSE

One or more parties to this action may be improper.

## NINETEENTH DEFENSE

This Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. Accordingly, this Defendant reserves the right herein to assert additional Affirmative Defenses in the event discovery indicates it would be appropriate.

## TWENTIETH DEFENSE

This Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### 2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### 3.

This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

### 4.

This Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

This Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## **OPERATIVE FACTS**

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint; accordingly said allegations are denied.

16.

This Defendant admits Defendant Rutledge was operating a tractor trailer on GA Hwy 14 and initiated a turn into a BP. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint; accordingly said allegations are denied.

17.

This Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant admits Hudson Insurance Company provided insurance to Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## LIABILITY OF DEFENDANTS

## COUNT ONE:  *RESPONDEAT SUPERIOR*

43.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 42 of Plaintiff's Compliant as if fully set forth herein.

44.

Defendant admits the doctrine of *respondeat superior* applies between Defendant Wiley Sanders and Defendant Rutledge. Defendant denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

## COUNT TWO:  NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING

45.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 45 of Plaintiff's Compliant as if fully set forth herein.

46.

This Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## COUNT THREE:  NEGLIGENT ENTRUSTMENT

47.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 46 of Plaintiff's Compliant as if fully set forth herein.

48.

This Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

## COUNT FOUR:  NEGLIGENCE

49.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 48 of Plaintiff's Compliant as if fully set forth herein.

50.

This Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

This Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

This Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

This Defendant admits the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

This Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

## DAMAGES CLAIMED

55.

This Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

This Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint; accordingly said allegations are denied.

10

58.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint; accordingly said allegations are denied.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint; accordingly said allegations are denied.

60.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint; accordingly said allegations are denied.

**TWENTY- FIRST DEFENSE**

To the extent Plaintiff's Prayer for Relief requires a response, this Defendant denies any allegations contained therein, including all subparts.

**TWENTY-SECOND DEFENSE**

This Defendant denies any and all other allegations contained in Plaintiff's Complaint it did not specifically admit herein above.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Amy Lynne Rutledge respectfully prays for the following relief from this Honorable Court:

1. That Plaintiff's claims be denied and that that this Honorable Court dismiss this Defendant, with prejudice;

2. That all costs, attorneys' fees, and expenses for this action be taxed against Plaintiff;

11

3.  That this case be tried before a jury of twelve (12) persons; and

4.  For all such other relief as this Honorable Court deems just and proper.

Respectfully submitted, this 27th day of January, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Andrew T. Craft*
Brantley C. Rowlen
Georgia Bar No. 153031
Andrew T. Craft
Georgia Bar No. 844764

*Counsel for Defendant Amy Lynne Rutledge*

Bank of America Plaza
600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
404.348.8585 (phone)
404.467.8845 (fax)
brantley.rowlen@lewisbrisbois.com
andrew.craft@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a true and correct copy of the foregoing *DEFENDANT AMY LYNNE RUTLEDGE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* was filed with the Clerk of Court utilizing the Court's e-filing system, which provides service copies to all counsel of record, and served courtesy copies upon all counsel of record via email and United States Mail, proper postage affixed thereto, and addressed as follows:

Matthew E. Cook
Kate S. Cook
Nathan R. Nicholson
Joshua L. Bearden
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia  30503
matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

D.  Scott Cummins
THE CUMMINS FIRM
75 Jackson Street
Building 400, Suite 402
Newnan, Georgia  30263
scott@thecumminsfirm.com

*Counsel for Plaintiff*

This 27th day of January, 2023.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Andrew T. Craft*
Brantley C. Rowlen
Georgia Bar No. 153031
Andrew T. Craft
Georgia Bar No. 844764

*Counsel for Defendant Amy Lynne Rutledge*

13

Bank of America Plaza
600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
404.348.8585 (phone)
404.467.8845 (fax)
brantley.rowlen@lewisbrisbois.com
andrew.craft@lewisbrisbois.com

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

DALLAS KEE, as Surviving Spouse of Thad
Jenkins, Deceased, and as Administratrix of the
Estate of Thad Jenkins, Deceased,

          Plaintiff,

v.

AMY LYNNE RUTLEDGE, WILEY
SANDERS TRUCK LINES, INC., and
HUDSON INSURANCE COMPANY,

          Defendants.

Civil Action File No. 22SV00121

## DEFENDANT WILEY SANDERS TRUCK LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Wiley Sanders Truck Lines, Inc. (hereinafter "Defendant" or "Wiley Sanders"), Defendant in the above-styled civil action, and, without waiving any defenses as to service or process, personal jurisdiction and venue, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Venue is or may be improper as to this Defendant.

### THIRD DEFENSE

This Defendant did not breach any duty owed to Plaintiff.

### FOURTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of this Defendant and Plaintiff's alleged injuries and damages.

4871-9436-6536.1

### FIFTH DEFENSE

At all times relevant hereto, this Defendant acted reasonably and expressly denies any negligence or any other wrongdoing with respect to its actions in this case.

### SIXTH DEFENSE

The injuries allegedly suffered by Plaintiff were proximately caused by the actions or omissions of individuals over whom this Defendant had no control; therefore, this Defendant cannot be liable to the Plaintiff.

### SEVENTH DEFENSE

Plaintiff failed to exercise ordinary care for his own safety and assumed the risk of injury.

### EIGHTH DEFENSE

Plaintiff's negligence exceeded the negligence of any other party who may have caused or contributed to the accident which resulted in Plaintiff's alleged injury and Plaintiff is barred from recovery.

### NINTH DEFENSE

Plaintiff had the last clear chance to avoid the accident, and therefore Plaintiff is not entitled to recover for his injury.

### TENTH DEFENSE

Plaintiff claims for punitive damages are in violation of and barred by the Due Process Clause of the 1983 Georgia Constitution, Article 1, Section 1, Paragraph 1, and by the Fifth and Fourteenth Amendments to the United States Constitution.

### ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages against this Defendant for which relief can be granted.

## TWELFTH DEFENSE

Punitive damages are not recoverable herein by Plaintiff against this Defendant inasmuch as there has been no showing of record evidence supporting such a claim against this Defendant as required under O.C.G.A. § 51-12-5.1.

## THIRTEENTH DEFENSE

There is no clear and convincing evidence that this Defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

## FOURTEENTH DEFENSE

While this Defendant denies that it is liable to the Plaintiff in any sum whatsoever and denies that it is liable for punitive damages, any award of punitive damages is limited by the cap provided in O.C.G.A. § 51-12-5.1(g).

## FIFTEENTH DEFENSE

This Defendant incorporates by reference all rights and defenses afforded to it pursuant to Senate Bill 3, commonly referred to at the Tort Reform Legislation of 2005, signed into law Feb. 16, 2005.

## SIXTEENTH DEFENSE

At all times relevant hereto, this Defendant met or exceeded the standard of care applicable under the same or similar circumstances.

## SEVENTEENTH DEFENSE

This Defendant incorporates herein any and all applicable affirmative defenses found within O.C.G.A. § 9-11-12 not expressly set forth herein above.

## EIGHTEENTH DEFENSE

One or more parties to this action may be improper.

## NINETEENTH DEFENSE

This Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses. Accordingly, this Defendant reserves the right herein to assert additional Affirmative Defenses in the event discovery indicates it would be appropriate.

## TWENTIETH DEFENSE

This Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

4

5.

This Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

This Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## **OPERATIVE FACTS**

15.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint; accordingly said allegations are denied.

16.

This Defendant admits Defendant Rutledge was operating a tractor trailer on GA Hwy 14 and initiated a turn into a BP. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint; accordingly said allegations are denied.

17.

This Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

This Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant admits Hudson Insurance Company provided insurance to Defendant. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## LIABILITY OF DEFENDANTS

## COUNT ONE:  *RESPONDEAT SUPERIOR*

43.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 42 of Plaintiff's Compliant as if fully set forth herein.

44.

Defendant admits the doctrine of *respondeat superior* applies between Defendant Wiley Sanders and Defendant Rutledge. Defendant denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

## COUNT TWO:  NEGLIGENT HIRING, RETENTION, SUPERVISION AND TRAINING

45.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 45 of Plaintiff's Compliant as if fully set forth herein.

46.

This Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## COUNT THREE:  NEGLIGENT ENTRUSTMENT

47.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 46 of Plaintiff's Compliant as if fully set forth herein.

48.

This Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

## COUNT FOUR:  NEGLIGENCE

49.

This Defendant incorporates and adopts by reference its responses to Paragraphs 1 through 48 of Plaintiff's Compliant as if fully set forth herein.

50.

This Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

This Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

This Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

This Defendant admits the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

This Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

## DAMAGES CLAIMED

55.

This Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

This Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint; accordingly said allegations are denied.

58.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint; accordingly said allegations are denied.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint; accordingly said allegations are denied.

60.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint; accordingly said allegations are denied.

**TWENTY- FIRST DEFENSE**

To the extent Plaintiff's Prayer for Relief requires a response, this Defendant denies any allegations contained therein, including all subparts.

**TWENTY-SECOND DEFENSE**

This Defendant denies any and all other allegations contained in Plaintiff's Complaint it did not specifically admit herein above.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Wiley Sanders Truck Lines, Inc. respectfully prays for the following relief from this Honorable Court:

1. That Plaintiff's claims be denied and that that this Honorable Court dismiss this Defendant, with prejudice;

2. That all costs, attorneys' fees, and expenses for this action be taxed against Plaintiff;

3. That this case be tried before a jury of twelve (12) persons; and

4. For all such other relief as this Honorable Court deems just and proper.


Respectfully submitted, this 27th day of January, 2023.


LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Andrew T. Craft*
Brantley C. Rowlen
Georgia Bar No. 153031
Andrew T. Craft
Georgia Bar No. 844764

*Counsel for Defendant Wiley Sanders Truck Lines, Inc.*

Bank of America Plaza
600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
404.348.8585 (phone)
404.467.8845 (fax)
brantley.rowlen@lewisbrisbois.com
andrew.craft@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a true and correct copy of the foregoing *DEFENDANT WILEY SANDERS TRUCK LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* was filed with the Clerk of Court utilizing the Court's e-filing system, which provides service copies to all counsel of record, and served courtesy copies upon all counsel of record via email and United States Mail, proper postage affixed thereto, and addressed as follows:

Matthew E. Cook
Kate S. Cook
Nathan R. Nicholson
Joshua L. Bearden
COOK LAW GROUP, LLC
P.O. Box 2415
Gainesville, Georgia  30503
matt@cook-lawgroup.com
kate@cook-lawgroup.com
nathan@cook-lawgroup.com
josh@cook-lawgroup.com

D.  Scott Cummins
THE CUMMINS FIRM
75 Jackson Street
Building 400, Suite 402
Newnan, Georgia  30263
scott@thecumminsfirm.com

*Counsel for Plaintiff*

This 27th day of January, 2023.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

*/s/ Andrew T. Craft*
Brantley C. Rowlen
Georgia Bar No. 153031
Andrew T. Craft
Georgia Bar No. 844764
*Counsel for Defendant Wiley Sanders Truck Lines, Inc.*

13

Bank of America Plaza
600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
404.348.8585 (phone)
404.467.8845 (fax)
brantley.rowlen@lewisbrisbois.com
andrew.craft@lewisbrisbois.com